## LUCY A. MORSE *vs*. THE BOROUGH OF FAIR HAVEN EAST.

An amendment of the charter of the borough of *F* within the town of *E* provided that the town should not thereafter have power to lay out or discontinue highways within the borough, nor be liable for any damage sustained by reason of any defective highway within it, but that the borough should be liable therefor to the same extent that the town would have been if the amendment had not been passed. The town of *E* a short time before had laid out and constructed a highway along a hill-side above the plaintiff's house, removing the earth and filling the excavation with stones, in consequence of which the water at times worked through from the gutter on the other side and ran down upon the plaintiff's premises, doing serious damage. This damage occurred after the passage of the amendment, and the plaintiff brought suit against the borough for it. It was found that the borough had at the time no knowledge of the nuisance. Held :—

1. That it was not a case of a defective highway, the fitness of the road for public travel having been promoted by the mode of its construction.
2. That it was a nuisance, for the creation of which the town of *E* was originally liable, and for which if the borough became liable, it would not be by reason of the provision of its amended charter, but by reason of its intentionally continuing the nuisance.
3. That the borough could not be liable here, it being found that it had no knowledge of the nuisance.

ACTION ON THE CASE for a nuisance; brought to the Court of Common Pleas in New Haven County, and heard before *Harrison J.* The defendants demurred to the declaration, the court over-ruled the demurrer, and heard the case in

damages.   The defendants brought the record before this court by a motion in error.   The case is fully stated in the opinion.

*S. E. Baldwin,* with whom was *J. H. Whiting,* for the plaintiffs in error.

*C. H. Fowler,* for the defendant in error.

PARK, C. J.   This is an action on the case for damages caused by a nuisance created by the town of East Haven in the improper construction of a public highway, and continued by the borough of Fair Haven East.   It is found that the plaintiff is the owner of a dwelling-house erected in the year 1875 upon a hill-side within the limits of the borough, and that the town of East Haven in the year 1877 laid out and worked the highway in question along the hill above the plaintiff's house, the bed of the road being a little higher than the sills of the house, and that in constructing the highway opposite to the house, a portion of the earth was removed and the excavation filled with stones; the object being to make a better road-bed.   A gutter was dug along the upper side of the road-bed, which carried off the water in ordinary rains, but at times of heavy rain and of melting snow the water worked through the stones, which operated as a blind drain, and ran down upon the plaintiff's house and into her cellar, undermining the wall and doing serious damage—the particular damage for which the suit is brought having been done in February, 1879.

The plaintiff attempts to hold the defendants liable for the damage under a provision in the charter of the borough, passed as an amendment to it in the year 1878, which is as follows : —" From and after the time this resolution shall go into effect the town of East Haven shall not be liable or have power to lay out, construct, repair, or discontinue highways within said borough, nor shall said town be thereafter liable for any damages which may be sustained by any person by reason of any defective highway in said borough,

but said borough shall be liable therefor to the same extent that the town of East Haven would be if this resolution had not passed."

But it is a total misconception of the intent and effect of this resolution to apply it to a case like this. It was clearly its object to take from the town and vest wholly in the borough the right and power to lay out streets and highways within the limits of the borough, and to impose upon the borough the sole responsibility with regard to them. If any defects existed in any highway within the borough at the time the resolution took effect, it was the duty of the borough to see that the highway was repaired, and the responsibility of the town ceased for any injury thereafter caused by such defect. But this case is not one of a defective highway. The very construction of the bed of the highway which caused the injury may have been and probably was the means of making the highway better for public use. Indeed it is found that since the road was built it has been in good order for public travel. The real injury was in the creation of a nuisance by the town of East Haven, and it is merely an accident of the case that the structure which causes the injury is the bed of a road. It might just as well have been the foundation of a town hall or alms-house that had been so constructed as to operate as a blind drain and carry water through upon the premises of an adjoining owner. In grading a highway some depression through which the water had been accustomed to flow in times of rain, may have been filled up and an insufficient culvert constructed, so that the water at times of heavy rain would be set back and flood adjacent premises. Here the injury would not have been caused by a defective highway; that may have been greatly improved for public travel and in the best possible condition. The insufficient culvert would be a nuisance and the town would be liable for it as an individual would for a nuisance which he had created. *Mootry v. Town of Danbury*, 45 Conn., 550; *Healey v. City of New Haven*, 47 Conn., 305.

But supposing the town to have been liable for the nui-

sance created in the present case, what is the liability of the
defendants ?   Clearly the resolution referred to has no ap-
plication to the case, but it does not follow that they are not
liable.   The defendants have succeeded to the ownership
and control of the public highways made by the town with-
in the limits of the borough.   They stand in this respect like
any other party who succeeds to the ownership of premises·
which contain a nuisance.   An intentional continuance of
a nuisance is equivalent to the creation of one.   But the
continuance must be intentional.   To the existence of such
an intent knowledge of it is necessary.   It is here found ex-
pressly that the defendants had no such knowledge.

The law is well settled with regard to such knowledge
being necessary.   It is held in *Johnson* v. *Lewis,* 13 Conn.,
303, that a purchaser of premises on which a nuisance exists
is not liable for the continuance of the nuisance until he has
been requested to remove it.   SHERMAN J., says, (p. 307,)
"The law is well settled that a purchaser of property on
which a nuisance is erected is not liable for its continuance
unless he has been requested to remove it.   This rule is very
reasonable.   The purchaser of property might be subjected
to great injustice, if he were made responsible for conse-
quences of which he was ignorant and for damages which he
never intended to occasion.   They are often such as can not
easily be known except to the party injured.   A plaintiff
ought not to rest in silence and finally surprise an unsuspect-
ing purchaser by an action for damages, but should be pre-
sumed to acquiesce until he requests a removal of the
nuisance."   And Chitty (2 Chitty Pl., 333) says, that in
such a case it is necessary to allege a special request to the
defendant to remove the nuisance.

It has recently been held in the state of New York, upon
an elaborate review of the authorities, that a request to re-
move the nuisance is not necessary.   *Conhocton Stone Road*
v. *Buffalo, N. York & Erie R.R. Co.,* 51 N. York, 573;
*Miller* v. *Church,* 2 N. Y. Supreme Ct. R., 259.   But it is
there held that there must be knowledge of the existence of

the nuisance.    It is not necessary for us to consider whether such a request is necessary, as the want of knowledge is decisive of the present case.

It is clear upon the facts found that the defendants can not be held liable for the damage complained of, and their demurrer to the declaration should have been sustained.

It was claimed upon the argument, by the counsel for the defendants, that upon the facts found the. damage sustained by the plaintiff could not be regarded as the natural result of the mode in which the road-bed was constructed, and that the structure therefore was not a nuisance, and no one liable to her ; that it was a case of *damnum absque injuriâ*. We have not considered this question, as we hold the defendants not liable for the damage, even supposing the plaintiff to have sustained an injury for which she is entitled to redress against some party.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred.