IRENE GONDOR, ADMINISTRATRIX (ESTATE OF GUSTAV CSAKANY) *v.* GEORGE PASTOR ET AL.

SUPERIOR COURT FAIRFIELD COUNTY AT BRIDGEPORT FILE NO. 106319

Memorandum filed February 17, 1959

*Cohen, Schine & Wolf,* of Bridgeport, for the plaintiff.

*Hugh C. Cronan* and *John J. McGuinness,* both of Bridgeport, for the defendants.

FITZGERALD, J. This is a death action brought by the plaintiff as administratrix upon the estate of her brother, Gustav Csakany, late of Bridgeport, Connecticut. The defendants are two in number, namely, George Pastor and the city of Bridgeport. At the time of the episode which resulted in the death of Csakany on the early morning of October 20, 1957, when he was struck by a police car operated by the defendant Pastor on Fairfield Avenue in Bridgeport, the defendant operator was acting in the course of his employment as a police officer in the employ of the defendant municipality, the owner of the car. The action is predicated upon what is now § 7-465 of the 1958 Revision of the General Statutes.

Paragraph 2 of the complaint as amended reads: "At said time and place the plaintiff's intestate was crossing the said street and was proceeding from the northerly side to the southerly side. The plaintiff's intestate had reached a point approximately three-quarters of the way across when the defendants' car suddenly and without warning struck him and hurled him to the pavement with tremendous force and violence, causing the injuries and losses hereinafter set forth." Paragraph 3 of the complaint as amended, in addition to various specifications of negligence, invokes the application of the doctrine of last clear chance. There are four elements essential for the application of that doctrine.[1] Reference is made to Wright, Connecticut Law of Torts, page 61, and to the following cases among the vast array of Connecticut cases: *Fine* v. *Connecticut Co.*, 92 Conn. 626, 631; *Correnti* v. *Catino*, 115 Conn. 213, 217; *Caplan* v. *Arndt*, 123 Conn. 585, 588; *Ingraham* v. *Marotta*, 138 Conn. 36, 38. "The burden of proving the necessary facts to establish the elements justifying the application of the doctrine is upon the plaintiff; . . . and if he fails to afford a reasonable basis for finding each and all of these elements to have existed the doctrine may not be applied." *Correnti* v. *Catino*, supra, 216.

In the *Correnti* case, supra, 224, Chief Justice Maltbie reviews the various situations which can be present when a pedestrian is struck by a car while

[1] As stated in the case law of Connecticut, the four essential elements or conditions necessary for the application of the doctrine are these: (1) that the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.

crossing a street, and draws a line of demarcation between a "zone of danger" as such and a "position of peril." In 1 Stevenson, Negligence in the Atlantic States, page 233, appears this statement, followed by a copious citation of Connecticut cases: "The plaintiff's negligence [or that of his decedent] must have ceased in time for the defendant to save him by the exercise of due care. If the plaintiff's negligence [or that of his decedent] continues active so that in a natural sequence, unbroken by a new and intervening or supervening cause, it produces the event, then it constitutes contributory negligence which bars recovery. Contributory negligence ceases in a legal sense when it no longer contributes toward the cause of the injury."

The defendants specially plead contributory negligence as a defense. Among the specifications is that of intoxication on the part of the plaintiff's decedent. It was this interposed defense which was productive of the plaintiff's amending her complaint by invoking the doctrine of last clear chance. If the doctrine is found to be applicable to the facts of the case, contributory negligence of the plaintiff's decedent would not bar a recovery.

The following facts are not in dispute. Fairfield Avenue in Bridgeport runs in a general easterly and westerly direction. In the vicinity of the Baldwin Ford Company, which is located on the south side of the street, an esplanade having a width of five feet separates the eastbound and westbound traffic lanes. The former lane is about twenty-eight feet in width and the latter twenty-seven feet. At a point in front of the Baldwin building, there is an opening in the esplanade to allow access to those premises for westbound traffic. At about 12:45 on the early Sunday morning in question, the plaintiff's decedent, a man forty-nine years of age, walked from the north side

of the street to the esplanade and reached a point several feet east of the opening to which reference has been made. He was in an extreme state of intoxication. The general area was reasonably well lighted. The person of the plaintiff's decedent and the police car came in contact, which caused the decedent injuries from which he died in a matter of minutes. At the time, the police car was operating easterly on Fairfield Avenue and had a red light flickering but the siren was not in operation. The defendant operator was responding to a riot call in another part of the city.

It is found that the police car had been traveling some three or four feet south of the esplanade because of the presence of a large truck which was parked along the southerly side of the eastbound division of the street near the driveway to the Baldwin premises. Whether the defendant operator saw the plaintiff's decedent standing on the esplanade when he was fifteen or sixty-five feet west of him (there is some dispute on this aspect) is not of sufficient moment to alter the ultimate result in the case. And the same is true even though the fact be that the plaintiff's decedent presented an odd picture with an arm and knee extended so as to indicate uncertainty in his movements. He had only been standing on the esplanade a matter of seconds. The defendant operator as a precautionary measure pulled his car to the right and applied his brakes. It is found as a fact that the plaintiff's decedent lurched forward and fell against the left rear side of the police car as it was passing that point on the esplanade where the decedent had been standing. After impact, his body was reposing on the highway about five feet south of the esplanade. It is found that the car came to a full stop well within forty-five feet of the body without laying down tire marks on the highway. A finding of excessive speed, urged by the plaintiff, on

the part of the defendant operator cannot be supported.

The facts of the case clearly warrant the conclusion that the plaintiff has not established the existence of the necessary elements so as to make applicable the doctrine of last clear chance as a basis of recovery. At the time of impact, her decedent was contributorily negligent in an active sense and not passively so. This defeats the application of the doctrine in any event. *Bujnak* v. *Connecticut Co.,* 94 Conn. 468, 472, 473; *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 122; 1 Stevenson, Negligence in the Atlantic States, p. 233. In *Correnli* v. *Catino,* 115 Conn. 213, 217, Chief Justice Maltbie observes that any consideration of the doctrine must start with the discussion of Judge Prentice in the *Nehring* case, supra. That discussion is indeed a brilliant analysis of the doctrine in the light of various situations under which it is sought to be invoked.

It follows from the foregoing that the doctrine of last clear chance is not available to the plaintiff as a basis of recovery. Even though the plaintiff's decedent were found to have come into a position of peril when standing on the esplanade in an intoxicated state (and this aspect is debatable), his active conduct thereafter in lurching forward into the path of the oncoming car constituted contributory negligence of a proximate nature. Hence, the first essential element of the doctrine is not operative. The last three elements of the doctrine are thereby removed. But that apart, upon the facts found the third and fourth elements are not present. The defendant operator could have done no more than he did do. As stated earlier, the plaintiff has the burden of proving the existence of all four elements. This she has not done. The death of her decedent does not fasten a civil responsibility for damages against the defendants.

Accordingly, the issues are required to be found for the defendants. Judgment may so enter.