GEORGE MANSOLF *v.* CITY OF MERIDEN ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 89981
AT NEW HAVEN

Memorandum filed February 10, 1961

*Andrew F. Pulaski,* of Meriden, for the plaintiff.

*William G. Comiskey,* of Meriden, and *McNamara, Kaufman & Jones,* of Bridgeport, for city of Meriden.

*Paul V. McNamara,* of Bridgeport, for all defendants.

MACDONALD, J. The original complaint in this action against the city of Meriden and a named employee for damages and injuries caused by the claimed negligence of the employee was brought under § 7-465 of the General Statutes, which then provided, in part, as follows: "No action or proceeding instituted pursuant to the provisions of this section shall be prosecuted or maintained against such municipality or employee unless at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the clerk or corresponding officer of such municipality. No action for personal injuries or damages to real or personal property shall be maintained against such municipality and employee unless such action

is commenced within one year after the cause of action therefor arose *nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality and with the employee* within six months after such cause of action has accrued. Governmental immunity shall not be a defense in any action brought under this section" (italics supplied).

Some of the defects apparent in plaintiff's complaint and notice were cured after the filing of defendant's first demurrer, dated June 29, 1959, by a special act of the General Assembly (29 Spec. Laws 529, No. 531) validating the notice in so far as "it was not filed within the time limited by law," and, after the filing of the present demurrer, dated April 22, 1960, by filing a copy of the notice on May 7, 1960, as "Exhibit A."

Even assuming that the statute should be construed as not requiring two separate documents to be filed with the clerk of the municipality—a notice as well as a demand—and that plaintiff's filing of a copy of the notice as "Exhibit A" is equivalent to attaching a copy to his complaint, it still does not appear anywhere in the complaint or in exhibit A that he filed notice "with the clerk of such municipality and with the employee" at any time—whether within the statutory period or otherwise. The mere allegation in paragraph 6 that he "gave written notice to the defendants . . . pursuant to Sec. 7-465" does-not constitute an allegation of facts showing such compliance—and the very fact that he had to obtain a special act to validate the notice with respect to the time when it was served shows that it did not, in fact, comply—nor does the statement in the special act that it was "otherwise valid" show the manner in which it was served or filed.

For the purpose of narrowing the issues raised by the demurrer, the court finds that plaintiff has complied with the provisions of § 42 of the Practice Book and the rule set forth in *Barteis* v. *Windsor,* 134 Conn. 569, by filing a copy of the notice as exhibit A, but that he has not yet alleged those facts which show compliance with the statute in serving or filing such notice.

The demurrer is sustained.