This action arises from a collision of a truck owned by the defendant city of Hartford and driven by its employee, the defendant Letare, with a vehicle owned by the plaintiff Dunn and operated by her son, the plaintiff Cagianello. the complaint is in two counts: One, for injuries to Cagianello; the second, for damages to Mrs. Dunn's car and other expenses. Both counts are against both defendants. The latter "demur to the plaintiffs' complaint as the plaintiffs here failed to allege that they were in the exercise of due care." While the parties in their memoranda confuse the singular and plural with resulting uncertainty as to their contentions, the quote is from the demurrer itself and will be considered as posing the question here. *Page 131 
Obviously, the reason thus advanced could not prevail in favor of the defendant Letare were he alone sued. General Statutes § 52-114; Burke v.West Hartford, 147 Conn. 149, 152 (1960); Goodman
v. Norwalk Jewish Center, Inc., 145 Conn. 146,148 (1958); Petrillo v. Maiuri, 138 Conn. 557, 562
(1952). Whether or not it can succeed here depends upon the construction to be placed upon § 7-465 of the statutes. In spite of the attempted evasion of plaintiffs' counsel on oral argument of this demurrer, it is apparent that the action is based on that section. The notice to the defendants, made a part of the file herein in response to their motion for oyer, specifically so states. Indeed, it would be difficult to find another basis for this suit as against the city. Bergner v. State, 144 Conn. 282, 284
(1957); Wolfe v. Branford, 22 Conn. Sup. 239
(1960). Incidentally, it may be noted, although not here in issue, that the reason for the attempt to evade the stigma of § 7-465 may be the plaintiffs' noncompliance with its provision re notice. The one here of record was not "filed with the clerk of such municipality and with the employee within sixty days after such cause of action has accrued." The issues are: (1) Is this defense available to the city here? (2) Is it available to Letare because he is joined in this action? (3) Is it available to both defendants in this action? They have not been settled by the reported cases thus far discussing this section. Martyn v. Donlin, 148 Conn. 27 (1961);Gondor v. Pastor, 21 Conn. Sup. 193 (1959); Wolfe
v. Branford, supra.
The statute (§ 7-465) is somewhat obscure. Its first sentence apparently imposes an obligation on the municipality to pay sums which an employee becomes obligated to pay by reason of liability imposed upon the latter by law. This seems to contemplate, first, a determination of such liability *Page 132 
against the employee, to be followed by and used as a basis for payment by the municipality of the sums consequent upon such liability. If this strict reading, with the resultant severability of liability on part of the employee as opposed to liability of the municipality, were followed, then the employee could not set up the defense, and, his responsibility once being established, that of the city would then follow without the benefit of this defense.
As opposed to such a reading, the fifth and sixth sentences refer to the action, subject of this section, as being "against such municipality or employee" and "against such municipality and employee." The last reads, "Governmental immunity shall not be a defense in any action brought under this section." It thus appears that what the legislature intended was a disposition in one action of the entire issue. As to the proper method of pleading, "[t]he complaint should be in two counts: the first, alleging the facts essential to the legal liability of the employee, and the second, the facts essential to the legal liability of the municipality under the statute."Martyn v. Donlin, supra, 32.
Hence, the issue narrows itself to the simple question whether this § 7-465 abandons the governmental protection requiring the plaintiff to allege and prove due care. That protection was not abandoned by the statute permitting suit against the sovereignty in highway cases. General Statutes § 13-11. The provisions of § 52-114 were specifically held not to apply thereto. Burke v. West Hartford,
supra; Jacen v. West Hartford, 133 Conn. 243, 246
(1946). It is to be presumed that the legislature, in the enactment of § 7-465, had this interpretation in mind. Buxton v. Ullman, 147 Conn. 48, 56 (1959);State ex rel. Butera v. Lombardi, 146 Conn. 299,305 (1959); Norwalk v. Daniele, 143 Conn. 85, 87
(1955). Furthermore, the cause of action created *Page 133 
by this section is a pure creature of statute, wholly unauthorized by the common law. Wethersfield v.National Fire Ins. Co., 145 Conn. 368, 371 (1958);Bergner v. State, supra. "`No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express.'" Dennis v. Shaw, 137 Conn. 450,452 (1951). In addition, by § 7-465 the legislature expressly provided that "Governmental immunity shall not be a defense in any action brought under this section." The specific abandonment of this defense precludes the inferential abandonment of others. State ex rel. Kaminsky v. Barlow,144 Conn. 612, 620 (1957); Connecticut Light PowerCo. v. Walsh, 134 Conn. 295, 301 (1948).
Therefore, it is held that § 7-465 obviously does not expressly, and certainly does not inferentially, waive the necessity that a plaintiff invoking its authority allege and prove due care or freedom from contributory negligence.
 The demurrer is sustained.