PATRICIA A. BARKLEY ET AL. *v.* CITY OF BRISTOL ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 124157

Memorandum filed December 30, 1961

*Herbert Watstein,* of Bristol, for the plaintiffs.

*Day, Berry & Howard,* of Hartford, for the defendants.

FitzGerald, J. Plaintiffs' complaint as amended is in two counts. The first count is in negligence and is directed against the defendant Marcotte while acting as a park policeman in the employ of the city of Bristol. The second count is directed against the defendant city of Bristol and expressly invokes § 7-465 of the statutes as the basis of liability of the municipal defendant. A demurrer has been interposed to both counts on the ground that they do not allege that the injured minor plaintiff was in the exercise of due care. The question presented is whether the two counts of the complaint as amended are defective in the absence of an affirmative allegation of due care. If § 52-114 controls, neither of the counts is required to incorporate the affirmative allegation in question; contributory negligence in this event if relied upon as a defense would have to be specially pleaded by the defendants.

It would appear that when the forerunner of § 7-465 was first adopted (Public Acts 1957, No. 401, § 1), the General Assembly clearly intended to abolish the immunity accorded municipalities at common law for the negligence of certain of their employees in the performance of their duties as such employees, providing certain enumerated elements specified in the statute were found to exist, including the giving of a prescribed notice to both the employee and to the municipal employer. See discussion in *Martyn* v. *Donlin,* 148 Conn. 27, 32.

That a municipal employee at common law could be subject to a suit for his own negligence in the performance of his duties as such employee, and the pleading statute (§ 52-114) could thereby be applicable in such suit, is not the situation here presented. The redress sought by the two plaintiffs in their complaint as drawn is clearly statutory, and the benefit sought to be secured is the

obligation of the municipal employer to pay to them any damages awarded, providing certain enumerated elements specified in the statute can be established. It is the considered opinion of the court that both counts should allege affirmatively that the injured plaintiff was in the exercise of due care at the time of the episode in question. This is because the redress sought is in nature statutory and not of common-law vintage. The demurrer is sustained.

Passing reference is made to the case of *Gondor* v. *Pastor*, 21 Conn. Sup. 193. It there appears (p. 195) that the defendant police officer and the defendant municipality specially pleaded contributory negligence on the part of the plaintiff's decedent. However, the necessity of so pleading was never passed on before the trial, which resulted in a judgment for both defendants. Hence that case is not authority one way or the other on the question presented by the interposed demurrer in the case at bar.

As stated in the next to the last preceding paragraph, the interposed demurrer is sustained as to both counts of the complaint as amended.