ALAN BARTUCCA ET AL. *v.* CITY OF BRISTOL ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 124213

Memorandum filed February 1, 1962

*Herbert Watstein,* of Bristol, for the plaintiffs.

*Day, Berry & Howard,* of Hartford, for defendants city of Bristol and Norman E. Gerber.

*Edward C. Krawiecki,* corporation counsel, for defendant city of Bristol.

PARMELEE, J. This is an action against a municipal employee for negligence. The city of Bristol is joined as a party defendant under § 7-465 of the General Statutes. The complaint is brought in two counts, the first alleging facts essential to the legal liability of the defendant employee, and the second, facts essential to the legal liability of the municipality under this statute. Defendants have demurred to both counts for the stated reason that "the plaintiff has failed to allege that she was in the exercise of due care."

Plaintiff's right to bring an action in negligence against only the defendant Gerber, the employee, depends upon no special statute. Indeed, under § 52-114 of the General Statutes, she would be presumed to be in the exercise of reasonable care at the time of the commission of the alleged negligent act or acts. The first count of this complaint sets up an action of negligence against Norman E. Gerber individually. The second count does no more than allege that the city of Bristol is liable under § 7-465 to pay any judgment obtained against Gerber, an employee.

Section 7-465 provides an indemnity to a municipal employee, except a fireman who is covered under § 7-308, for all sums which he, the employee, becomes obligated to pay by reason of the liability imposed upon him by law for damage to persons or property which occurs while he is acting in the performance of his duties and within the scope of his employment, except if the occurrence was a result of a wilful or wanton act of the employee. To establish the liability of a municipality under § 7-465, a plaintiff must prove compliance with the requirements of this statute as to demand and no-

tice, also, that the "occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty." *Martyn* v. *Donlin,* 148 Conn. 27, 32. The quotation is from the statute, which also provides that the defense of governmental immunity shall not be available.

The liability of the municipality imposed by § 7-465 is not based upon breach of a statutory duty, as in the case of actions for defective highways. Allegations of compliance with the requirements of this statute are necessary to a good complaint, but § 7-465 has not changed the common law in a negligence action against a person who is an employee of a municipality. The burden of alleging and proving contributory negligence remains with the defendant employee as provided in § 52-114.

The above reasoning points to the possibility of the interests of the employee and the interests of the municipality being antagonistic. Therefore, each should be represented by independent counsel. *Martyn* v. *Donlin,* supra. It is noted that an appearance has been entered for both of the defendants by the same counsel and that the demurrer has been filed by the same counsel for both of the defendants. Counsel should determine which of the defendants they desire to represent and withdraw as to the other upon proper notice. All of the cases cited in both briefs have been examined.

The demurrer is overruled.