FRANCES MacLEOD, ADMINISTRATRIX (ESTATE OF JANE E. MacLEOD) *v.* TOWN OF MILFORD ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 98576
AT NEW HAVEN

Memorandum filed April 10, 1963

*Samuel Reich* and *Maurice J. Magilnick,* of Bridgeport, for the plaintiff.

*Goldstein & Peck,* of Bridgeport, for the defendant.

MacDonald, J. The first and second counts of plaintiff's complaint seek recovery against an employee of the town of Milford and the town itself, respectively, under § 7-465 of the General Statutes, as amended, providing a statutory right of recovery, under certain express conditions, against a municipality for damage arising out of the negligent actions of its employees while in the performance of their duties.

The first ground of the demurrer, addresssed to both first and second counts, is based upon plaintiff's failure, in each count, to allege that her decedent was in the exercise of due care at the time of her death. The necessity of such an allegation has been found in this specific type of case in the two recent decisions of *Barkley* v. *Bristol,* 23 Conn. Sup. 133, and *Cagianello* v. *Letare,* 23 Conn. Sup. 130. This requirement seems implied by our Supreme Court in *Martyn* v. *Donlin,* 148 Conn. 27, 32, where it states that an action under this particular statute "should be in two counts: the first, alleging the facts essential to the legal liability of the employee, and the second, the facts essential to the legal liability of the municipality under the statute." The failure of plaintiff to allege this essential fact in each count renders the counts insufficient as a matter of law, since the form of the complaint indicates that the claim against the employee as well as the town is based upon the statute rather than upon the common law.

The second and third grounds of the demurrer are concerned with the italicized words of the following pertinent portion of § 7-465 as amended: "No action or proceeding instituted pursuant to the provisions of this section shall be prosecuted or maintained against such municipality or employee unless at least thirty days have elapsed *since the demand, claim or claims upon which such action or special proceeding is founded were presented to the clerk* or corresponding officer of such municipality. No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee unless such action is commenced within one year after the cause of action therefor arose nor *unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality and with the employee within six months after such cause of action* has accrued." (Italics supplied.)

The language seems clearly to state that notice must be given to both employee and municipality as a condition precedent to any action against either, and the first count is defective without an allegation of notice to the municipality, as claimed in defendants' second ground.

With respect to the third ground of the demurrer, the recent decisions of our courts consistently interpret the statute as imposing upon a claimant the two separate and distinct requirements of (1) giving notice within six months and (2) presenting a demand, claim or claims at least thirty days prior to the institution of suit. See *Shaw* v. *Industrial Safety Supply Co.,* 23 Conn. Sup. 149 (1962). Here again, the conclusions reached by our courts seem consistent with the implications of the language of our Supreme Court in *Martyn* v. *Donlin,* supra, to the

effect that plaintiff "must prove compliance with the requirements of the statute as to demand and notice." The courts must presume that the legislature had a purpose for every sentence, clause or phrase in the statute. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 73; *McAdams* v. *Barbieri,* 143 Conn. 405, 419; *State* v. *Cambria,* 137 Conn. 604, 610. This view is not inconsistent with the decision in *Mansolf* v. *Meriden,* 22 Conn. Sup. 407, where this court asssumed for the sake of argument that the statute should be construed as not requiring the filing of two separate documents and even then sustained the demurrer to a complaint already amended several times.

The demurrer to the first and second counts of the complaint is sustained on all grounds stated therein.