**Leola STATTON, Guardian of the Estate of Sylvester James Watts, a minor, Plaintiff,**

**v.**

**Patrick CAROZZA and City of Waterbury, Defendants.**

**Civ. No. 12013.**

United States District Court
D. Connecticut.

Sept. 21, 1967.

---

Julius Watstein, of Watstein & Watstein, Bristol, Conn., for plaintiff.

John F. Phelan, Waterbury, Conn., for defendant City of Waterbury.

TIMBERS, Chief Judge.

Defendant City of Waterbury having moved, pursuant to Rule 12(b) (6), Fed.R.Civ.P., to dismiss the action against said defendant on the ground that the complaint fails to state a claim against said defendant upon which relief can be granted; and

The Court having heard argument of counsel, having received and considered the motion and supplemental motion, briefs, affidavits, exhibits, pleadings and all papers on file; and

The Court being of the opinion that said motion and supplemental motion to dismiss should be denied for the reasons that

(A) With respect to defendant's claim that plaintiff's complaint is fatally defective in that it fails to allege that plaintiff's minor ward was in the exercise of due care at the time of the alleged act performed by the defendant, Patrick Carozza—

(i) It may be that Conn.Gen. Stat. § 52–114, which makes it unnecessary for a plaintiff in a negligence action brought in a court of the State of Connecticut to plead due care, does not apply to actions brought against a municipality. MacLeod v. City of Milford, 25 Conn. Supp. 70, 196 A.2d 604 (1963); Cagianello v. Letare, 23 Conn.Supp. 130, 177 A.2d 517 (1961); Barkley v. Bristol, 23 Conn.Supp. 133, 177 A.2d 514 (1961). But contrast Bartucca v. City of Bristol, 23 Conn.Supp. 228, 181 A.2d 124 (1962).

(ii) But this action has been brought in a federal court where as to procedural matters federal rules must be applied. Erie v. Tompkins, 304 U.S. 64 (1938); Palmer v. Hoffman, 318 U.S. 109 (1943).

(iii) In Connecticut pleading and proving contributory negligence has clearly been held procedural in nature. MacDonald v. Central Vermont Ry., 31 F.Supp. 298 (D. Conn.1940) (Hincks, D. J.).

(iv) Therefore, Rule 8(c), Fed.R. Civ.P., which provides that a defendant must plead contributory negligence as an affirmative defense, must be applied here.

(v) It necessarily follows that plaintiff's complaint is not fatally defective for failure to allege the exercise of due care.

(B) With respect to defendant's claim that plaintiff's complaint is fatally defective because plaintiff failed to allege that her minor ward was not an employee of defendant, City of Water-

bury, or, if an employee, was not engaged in the scope of his employment at the time of the alleged incident—

(i) It may be that Conn.Gen.Stat. § 7–465 precludes recovery from a municipality if the plaintiff was an employee of the municipality acting within the scope of his employment at the time of the alleged incident in question.

(ii) However, under the Federal Rules of Civil Procedure pleadings are sufficient if they give fair notice of the claims asserted so as to enable the adverse party to answer and prepare for trial. Rule 8(a), (e), (f), Fed.R.Civ.P.; see 2A Moore's Federal Practice ¶ 8.02 (2d ed. 1966).

(iii) Plaintiff alleged in her complaint that her minor ward was fourteen years of age at the time of the alleged incident.

(iv) Therefore, even if it be assumed that notice of nonemployment is required in plaintiff's complaint, such notice was sufficiently given since it would be most unreasonable for a fourteen year old boy to be the employee of a municipality.

(v) It necessarily follows that plaintiff's complaint is not fatally defective for failure directly to allege nonemployment.

(C) With respect to defendant's claim that plaintiff's complaint is fatally defective because it joins both the defendant City of Waterbury and its employee, defendant Patrick Carozza, and seeks damages against both—

(i) Although Conn.Gen.Stat. § 7–465, which removes governmental immunity and permits actions against municipalities, is in some aspects an indemnity provision, it is clear that the provision was meant to allow, if not require, a plaintiff to join a city and its employee in the same complaint. Martyn v. Donlin, 148 Conn. 27, 166 A.2d 856 (1961).

(ii) Furthermore, although plaintiff seeks $200,000.00 from each defendant, it is perfectly obvious that plaintiff cannot recover twice.

(iii) It therefore follows that plaintiff's complaint is not fatally defective on this ground.

(D) With respect to defendant's claim that plaintiff guardian was not properly appointed by the Waterbury Probate Court in accordance with Conn. Gen.Stat. § 45–47 and, therefore, diversity jurisdiction does not exist—

(i) Defendant claims neither fraud in the appointment of the plaintiff guardian nor lack of jurisdiction in the appointing court.

(ii) Therefore, the validity of the appointment of the plaintiff guardian is not subject to collateral attack (Conn.Gen.Stat. § 45–9) and must be given full faith and credit by this Court. 28 U.S.C. § 1738; Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 194 (1941).

(iii) It necessarily follows that this Court does not lack diversity jurisdiction on the ground that the Waterbury Probate Court allegedly failed to follow the appointing procedure set out in Conn.Gen.Stat. § 45–47.

it is therefore

ORDERED that the motion and supplemental motion by defendant City of Waterbury to dismiss the action against said defendant be, and the same hereby are, denied in all respects.