CLARENCE THOMAS *v.* FRANCIS COMMERFORD ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 115043
AT NEW HAVEN

Memorandum filed July 1, 1970

*Reilly & Peck,* of New Haven, for the plaintiff.

*Falsey, Shay & DelSole,* of New Haven, for the defendants.

KLAU, J. The present action as amended is brought in two counts. The first count seeks recovery against the defendant Commerford, an employee of the defendant Town of Branford, for injuries

sustained as a result of the alleged negligence of the defendant Commerford in the operation of a motor vehicle owned by the defendant town. The second count seeks recovery against the defendant town pursuant to the provisions of § 7-465 of the General Statutes. The defendants have demurred to both counts for the reason that the plaintiff has failed to allege that he was in the exercise of due care at the time of the accident.

The question to be determined is whether § 52-114 of the General Statutes is applicable to an action brought pursuant to the provisions of § 7-465. Section 52-114 provides as follows: "In *any action* to recover damages *for negligently causing* the death of a person, or *for negligently causing* personal injury or property damage, it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants." (Italics supplied.)

In *Martyn* v. *Donlin,* 148 Conn. 27, 32, the Supreme Court stated: "Section 7-465 of the General Statutes provides an indemnity to a municipal employee, except a fireman who is covered under § 7-308, for all sums which he becomes obligated to pay by reason of the liability imposed upon him by law for damage to person or property which occurs while he is acting in the performance of his duties and within the scope of his employment. The statute does not, however, provide any indemnity if the occurrence was the result of a wilful or wanton act of the employee. In order for the plaintiff in this

case to establish the liability of the municipality under § 7-465, she must prove compliance with the requirements of the statute as to demand and notice and that the conduct of the employee of which she complains was not wilful or wanton. The complaint should be in two counts: the first, alleging the facts essential to the legal liability of the employee, and the second, the facts essential to the legal liability of the municipality under the statute."

Thus § 7-465 imposes no liability upon a municipality for breach of any statutory duty. It imposes a statutory obligation of indemnification. It is to be distinguished from those statutes which impose liability upon a governmental agency, whether municipal or state, for injuries arising from a defect in a highway or bridge, in failing to maintain a railing, etc. The latter cases are not actions arising from negligence but ones arising from breaches of statutory duties unknown at common law. In the latter cases the breach of statutory duty had to be the sole proximate cause of the injuries in order to permit recovery. This distinction was fully delineated in *Porpora* v. *New Haven,* 119 Conn. 476. Based on this distinction, the court in *Porpora* refused to apply a statutory predecessor of § 52-114 (Cum. Sup. 1933, § 1149b) in an action against a municipality under the statutes imposing liability for failure to erect a sufficient fence or railing for injuries arising from a defective bridge or highway.

But no such distinction can be made in the present case. Clearly we have here an action seeking recovery for injuries caused by negligence. The imposition of liability on the defendant town is not by way of a breach of statutory duty but by way of indemnification of the legal liability arising from negligence of its employee under the first count, provided the other statutory requirements are also

found to exist. If the plaintiff had instituted his action solely against the defendant Commerford, as he could, it is agreed that § 52-114 would have been applicable. See *Wakelee* v. *DeSanto,* 152 Conn. 44.

There is no public policy requiring the all-inclusive language of § 52-114 to be ignored because the action is broadened in seeking indemnification from the town pursuant to § 7-465, especially since no issue of proximate cause is involved.

While there are cases holding a contrary view; see *MacLeod* v. *Milford,* 25 Conn. Sup. 70; *Barkley* v. *Bristol,* 23 Conn. Sup. 133; *Cagianello* v. *Letare,* 23 Conn. Sup. 130; this court is of the opinion that § 52-114 is applicable in the present case. See *Bartucca* v. *Bristol,* 23 Conn. Sup. 228. Consequently, the plaintiff is presumed to have been in the exercise of reasonable care at the time of the commission of the alleged negligent acts of the defendant Commerford and hence need not allege his own due care.

Accordingly, the defendants' demurrer is overruled.