### ROBERT BAILEY *v.* TOWN OF STRATFORD

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 137870
AT BRIDGEPORT

Memorandum filed October 27, 1970

*Blank & Blank,* of Bridgeport, for the plaintiff.

*Edward F. Stodolink,* town attorney, for the defendant.

ZARRILLI, J. The instant action, sounding in negligence, has been brought in the first count against an employee of the town of Stratford and in the second count against the town itself under the provisions of § 7-465 of the General Statutes. By way of a demurrer, the town has attacked the sufficiency of the first and second counts of the complaint on the ground that the plaintiff has failed to allege that at the time of the occurrence he was in the exercise of due care.

This court cannot agree with the contention of the defendant town that a suit brought under § 7-465 is a statutory action which requires the plaintiff to allege and prove that he was in the exercise of due care at the time of the injury. It is clear that under the provisions of § 7-465 the obligation of the employee, once established against him, shall be assumed by the town. Consequently, the action is not against the town but against the employee, who, in turn, is indemnified by his employer for any liability on his part. "Section 7-465 . . . provides *an indemnity* to a municipal employee . . . for all sums which he becomes obligated to pay by reason of the liability imposed upon him by law for damage to person or property which occurs while he is acting in the performance of his duties and within the scope of his employment [italics supplied]." *Martyn* v. *Donlin,* 148 Conn. 27, 32. "Indemnity is the right which a person has who has been compelled to pay what another should be forced to pay in full. It is also called exoneration." *Lockwood* v. *Nagy Bros., Inc.,* 150 Conn. 691, 692.

This court is in accord with the reasoning set forth in *Bartucca* v. *Bristol,* 23 Conn. Sup. 228, to the effect that while the plaintiff is obligated to prove compliance with the provisions of the statute, § 7-465, as to demand, notice, etc., the liability of the

municipality is not based upon any breach of its statutory duty, as in the case of an action brought under the defective highway statute (§ 13a-149). Section 7-465 has not in any way changed the common-law duty of a municipal employee in an action brought against him personally on the ground of negligence. Therefore, the burden of alleging and proving contributory negligence remains with the defendant employee as provided in § 52-114 of the General Statutes.

It is the considered opinion of this court that cases holding to the contrary, such as *Cagianello* v. *Letare,* 23 Conn. Sup. 130, *Barkley* v. *Bristol,* 23 Conn. Sup. 133, and *MacLeod* v. *Milford,* 25 Conn. Sup. 70, fail to take into account the major premise that the action primarily is one against the employee himself while the town's obligation is secondary, arising only for the purpose of indemnification once the liability of the employee has been established. In no event may the municipality be held liable unless the municipal employee individually becomes obligated to pay by reason of the liability imposed upon him by law. See *Martyn* v. *Donlin,* 151 Conn. 402, 405. It therefore follows that the breach of duty, if any, is that of the municipal employee as opposed to that of the municipality.

The paragraph of the first count alleging compliance with the statutory requirements of notice is not essential to the cause of action against the employee personally. It constitutes nothing more than surplusage which perhaps can be stricken from the complaint by an appropriate motion to expunge. Practice Book § 100. Needless to say, however, such an allegation is necessary in the second count, seeking relief under the provisions of § 7-465.

The demurrer is overruled.