[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION Re MOTION TO STRIKE OF DEFENDANTS, WATERTOWN, DELEPPO AND MIDDAUGH
The defendants, Town of Watertown; Philip Deleppo, the town's CT Page 2410 Director of Public Works and Robert Middaugh, the Town Manager, have moved to strike counts 1, 2 and 3 of the plaintiff's six count amended complaint.
In count 1, the plaintiff has claimed that injuries to her real estate and person were caused by the negligence of the movants in the construction of improvements to a street known as Bunker Hill Road. Deleppo is alleged to have been the supervisor and coordinator of the project. Watertown and Middaugh are alleged to have been negligent in failing to fill the position of town engineer so that reasonable precautions to insure drainage, prevent flooding and avoid excessive runoff were not taken.
Count 2 claims indemnification pursuant to General Statutes Section 7-465 from Watertown for actions by town employees within the scope of their respective employments.
In count 3, the plaintiff claims that the condition of Bunker Hill Road namely accumulations of earth and water and the removal of existing drainage systems by Watertown's employees created a nuisance that injured the plaintiff and interfered with the peaceable enjoyment of her property.
The principal ground of the motion is General Statutes Section 52-557n which, as interpreted in Sanzone v. Board of Police Commissioners, 219 Conn. 179 (1991), eliminated suits, whether in negligence or nuisance, against municipalities for injuries resulting from defective roads or bridges except where such actions are brought pursuant to General Statutes Section13a-149.[1] Additional reasons set forth in the motion and attached memorandum[2] are governmental immunity, a failure to exercise due care for the first two counts and a failure to plead a cause of action in nuisance for the third count.
 I.
Before confronting the merits of the movant's motion, the court believes that a short discussion concerning the general nature and function of a motion to strike will be helpful.
The motion to strike replaced the demurrer in our practice. Its function like that of the former demurrer is to test the legal sufficiency of a pleading. Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). CT Page 2411
A motion to strike, again like the former demurrer, admits all well-pleaded facts. The allegations of an attached pleading are to be construed most favorably to the pleader. Morris v. Hartford Courant Co., 200 Conn. 676, 678 (1986). If the facts provable under the allegations of the attached pleading would support a cause of action or a defense, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138, 142 (1989).
 II. A.
In Sanzone v. Board of Police Commissioners, supra at 192, the Supreme Court construed "Section 52-557n to provide that an action under the highway defect statute, Section 13a-149, is a plaintiff's exclusive remedy against a municipality . . . `for damages resulting from injury to any person or property by means of a defective road or bridge.'" On the same construction, Section 52-577n was held to preclude a joint action seeking damages from a municipal employee and payment of those damages by a municipality as sanctioned by Section 7-465(a) for a highway defect claim. Otherwise, as the decision explained, later enacted Section 52-557n would be stripped of all meaning as Section 7-465(a) would permit a plaintiff to reach a result that Section 52-557n now forbids.
A reading of Sanzone demonstrates that the defendant in that case prevailed on its motion to strike because the alleged defect, a malfunctioning traffic light, was held to be a highway defect as a matter of law. 219 Conn. at 203. Unless the conditions specified in the first three counts of the present complaint can be similarly categorized, the principal ground in the motion is of no utility since factual issues in the complaint cannot be determined by a motion to strike. See Practice Book Section 152; Coste v. Riverside Motors, Inc., 24 Conn. App. 109, 111 (1991).
Over the years decisional law has provided a consistent definition of a highway defect or a defective road within the meaning of Section 13a-149. Such a defect is any object or condition in, upon or near the traveled path of the road which would necessarily obstruct or hinder a person in the use of the road for the purpose of traveling thereon or which, from its nature and position would be likely to produce that result. Sanzone v. Board of Police Commissioners, supra at 202; Comba v. Ridgefield, 177 Conn. 268, 270 (1979); Older v. Old Lyme,124 Conn. 283, 284 (1938); Hewison v. New Haven, 34 Conn. 136, 142
(1867). On the other hand, it has always been recognized that "objects having no necessary correction with a road bed or public travel on the road and which may expose a person to danger, not as a traveler, but independent of the highway, do not ordinarily CT Page 2412 render the road defective." Hewison v. New Haven, supra at 143; also Comba v. Ridgefield, supra at 170.
More to the point, therefore, are cases where factual situations approximate the allegations of the plaintiff's complaint. One such case is Salzman v. New Haven, 81 Conn. 389
(1908) where a precursor to Section 13a-149 was held not to apply when the complaint alleged that due to the negligent repair of a highway, surface water from a storm sewer passed over premises causing damage. The court noted at page 393 that the statute was enacted for the purpose of protecting persons from injury while traveling on the highway. Another case is Morse v. Fair Haven East, 48 Conn. 220, 222 (1880) where the discharge of water onto an adjacent property from a culvert constructed by a municipality alongside a highway was considered to be a nuisance but not a defective road.
The plaintiff's complaint alleges the existence of conditions similar to those discussed in Salzman, supra and Morse, supra. These allegations, if proven, do not amount to a defective road under Section 13a-149. See Sanzone v. Board of Police Commissioners, supra at 201. Accordingly, Section 52-577n does not mandate the striking of counts 1, 2 and 3.
 B.
Governmental immunity, the movant's second ground, requires a scrutiny of the allegations of count 1. In the first count, the plaintiff has alleged the following. She resides on Bunker Hill Road. By statute, the defendant (and movant) Watertown is charged with the construction, maintenance and repair of its highways. On or about July 6, 1988, Watertown entered into a contract with the defendant Chilson Excavating, Inc. for improvements to Bunker Hill Road. The project was under the supervision of the defendant (and movant) Deleppo as Director of Public Works. Since 1986, the position of town engineer for Watertown has been vacant. The town engineer (if appointed) would have been responsible for preparing plans and specifications for projects such as the Bunker Hill project and for inspecting said project. As a result of the lack of a town engineer, there was inadequate preparation of construction plans, drainage easements and supervision of the project — the provisions for temporary drainage during construction were totally inadequate. The town council, and the defendant (and movant) Middaugh, as Town Manager, were responsible for hiring a town engineer to insure that projects, such as the Bunker Hill project, were adequately planned and carried out in a safe and efficient manner. The failure of the town council and Middaugh in their duty to employ a town engineer was negligence in that reasonable precautions to insure drainage, prevent flooding and avoid excessive runoff were not taken. On or about November CT Page 2413 13, 1988, while the Bunker Hill Road project was still in progress, a rain storm caused excavated portions of the roadway in front of the plaintiff's property to wash away carrying silt, debris, rocks and other excavated materials down a sloped area from the roadway through the plaintiff's property. The run-off occurred in the absence of proper safeguards because of the removal of gutters, drains or other provisions for adequate drainage. The defendant (and movant) Watertown, through its employees had actual or constructive knowledge of the existence of the conditions at Bunker Hill Road prior to this rainstorm. These conditions had existed since July of 1988 and had been reported to the Director of Public Works, defendant and movant Deleppo, as creating a substantial risk of foreseeable injury to adjoining landowners.
Despite the plaintiff's preference for a special defense, the nature of the movants' alleged conduct is apparent from the complaint and can be decided on the motion to strike. Brown v. Branford, 12 Conn. App. 106, 111 n. 3 (1987). Moreover, the Supreme Court has approved the practice of deciding the issue of governmental immunity as a matter of law. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
At common law a municipality was itself generally immune from liability for tortious acts but its employees faced the same personal tort liability as did private individuals.[3] Evon v. Andrews, 211 Conn. 501, 505 (1989). This situation led to the adoption of doctrines restricting the liability of public employees to situations where the employee's failure to act or inadequate act breached a duty owed to the complainant as distinguished from a duty owed to the public. Also, in determining liability, consideration is given to whether the employee's action or inaction involved discretion or was simply ministerial. Gordon v. Bridgeport Housing Authority, supra at 166-68.
With respect to highways, drains and sewers, the municipality is considered to owe a duty to the public that they be properly designed and constructed and a duty to adjacent landowners as to the safety of their operation. Spitzer v. Waterbury, 113 Conn. 84,89 (1931). Even where the duty may be one that technically is owed to the public and involves discretion, it can still serve as the predicate for a private law suit upon the existence of one of three exceptions, namely: first, where the circumstances make it apparent to the public employee that failure to act would be likely to subject an identifiable person to imminent harm; second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Evon v. CT Page 2414 Andrews, supra at 505; Gordon v. Bridgeport Housing Authority, supra at 167.
Not only do the allegations of count 1 fit into the first of the three exceptions mentioned in Evon, supra and Gordon, supra, they also could refer to ministerial acts. A municipality and its employees have a greater exposure for nonperformance or misperformance of a ministerial act than they do for an act involving discretion. Evon, supra at 505; Fraser v. Henninger,173 Conn. 52, 60 (1977). The term "ministerial" refers to a duty which is to be performed by a public employee on the existence of certain facts in a prescribed manner without the use of judgment or discretion on his part. Evon, supra; Gordon, supra at 167. A ministerial act often follows a public official's discretionary determination that particular facts exist. Plukowsky v. New Haven, 151 Conn. 337, 347 (1964). In Spritzer v. Waterbury, supra at 88, the court said "[t]he work of constructing drains and sewers, as well as that of keeping them in repair is ministerial and the municipality is responsible for negligence in its performance".
 C.
The court disagrees with the movants' contention that counts 1 and 2 are also defective because the plaintiff has not alleged that she was in the exercise of due care when her person and residence were injured. The three Superior Court decisions on which the movants rely, Shaw v. Industrial Safety Supply Co.,23 Conn. Sup. 149, 151 (1962); Barkley v. Bristol, 23 Conn. Sup. 133,135 (1961) and Cangianello v. Letare, 23 Conn. Sup. 130, 133
(1961) are not binding precedents. Further, the movants' authorities are directly contradicted by Bartucca v. Bristol,23 Conn. Sup. 228, 230 (1962), Thomas v. Commerford, 28 Conn. Sup. 506,508 (1970) and Bailey v. Stratford, 29 Conn. Sup. 73, 74-75
(1970). The point of difference between these decisions is that those supporting the movants consider General Statutes Section 7-465 as abolishing municipal immunity through the creation of a new statutory cause of action and those in opposition view the statute as a means of satisfying a judgment if one were rendered against municipal employees based upon their common law liability.
From prior and subsequent Supreme Court decisions, the court is convinced that the holdings in opposition to the movants' claim were correct interpretations of Section 7-406. "[I]n no event may the municipality be held liable under [the statute] unless the municipal employee himself becomes obligated to pay . . . by reason of . . . liability imposed upon . . . him by law for physical damages to person or property." Martyn v. Donlin, 151 Conn. 402, 405 (1964). Section 7-405 indemnifies municipal employees who, acting in the scope of their employment, become obligated to pay damages for CT Page 2415 injury to person or property. A plaintiff who invokes Section 7-405 first must allege in a separate count and prove the employee's duty to the individual injured and the breach of such duty. Only then may the plaintiff go on to allege and prove the municipality's liability by way of indemnification. Sestito v. Groton, 178 Conn. 520, 527 (1979).
 D.
The movants' final contention is that the third count does not contain sufficient allegations for a claim in nuisance. Again, this court must disagree.
For the third count, the plaintiff has incorporated all eighteen paragraphs of the first count and added two more. Paragraph 19 alleges that Watertown, through its employees servants and/or agents, in excavating Bunker Hill Road caused accumulations of earth and water and the removal of drainage systems. Paragraph 20 states that the acts complained of constituted a nuisance and interfered with the plaintiff's peaceful enjoyment and use of person and property in the preceding paragraphs, the plaintiff alleged that Watertown had a duty to see that the roadway repairs were carried safely and efficiently and that the duty was breached in that reasonable precautions were not taken to insure drainage, prevent flooding and avoid extensive runoff. Also, one preceding paragraph says that the conditions had existed since June of 1988 with Deleppo having been notified that the conditions created a substantial risk of foreseeable injury to adjoining landowners.
An examination of the cases appearing in the movants' brief shows a confusion between pleading and proof. The four items asserted by the movants to be necessary, viz: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages, are elements of proof without which a recovery cannot be had. See State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183 (1987); Filisko v. Bridgeport Hydraulic Co.,176 Conn. 33, 35 (1978).
A municipality may be liable for a nuisance it creates and maintains. Lukas v. New Haven, 184 Conn. 205, 209 (1981). The issue of the existence of such a nuisance has been raised properly by count 3. See Telesco v. Telesco, 187 Conn. 715, 720 (1982). In the court's view, the incorporated and additional paragraphs of the third count are also adequate treatment of the four items noted by the movants. CT Page 2416
 IV.
A return to Sanzone v. Board of Police Commissioners, supra is necessary in order to emphasize an additional point. The Supreme Court's opinion, 219 Conn. at 193, stresses the continued tort liability of municipal employees although Section 52-557n
removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under Section 7-465(a). If Watertown decides to pursue by way of special defenses the issue of governmental immunity, different attorneys will be needed for Deleppo and Middaugh. Quoting from Section 7-465(a), "In any such action the municipality and the employee may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that it will pay any verdict rendered in such action against such employee."
Insofar as the present motion to strike is concerned, it is denied in all aspects.
BARNETT, JUDGE
ENDNOTES