[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#111)
On May 9, 1995, the plaintiff, Janice Stiffler, on behalf of the minor plaintiff, Adam Stiffler, commenced this action against the defendants, the city of Norwalk, the Board of Education of the city of Norwalk, Arthur J. Perschino, the principal of Columbus Magnet School, and Judy Gemza, a teacher assistant at Columbus Magnet School. In their sixteen count revised complaint, the plaintiffs allege that the minor plaintiff fell on a large nail protruding from playground equipment on the grounds of Columbus Magnet School located in Norwalk, Connecticut. The plaintiffs allege negligence and nuisance on the part of all of the defendants, as well as statutory violations of General Statutes §§ 7-465 and 10-235 on the part of the City of Norwalk and the Norwalk Board of Education.
On August 7, 1995, the plaintiffs filed a motion for default against the defendants for failure to plead pursuant to Practice Book § 363A, which was granted by a clerk of the court. On August 15, 1995, the defendants filed a request to revise the plaintiff's original complaint. On October 11, 1995, the defendants, the City of Norwalk, and the Norwalk Board of Education, filed a motion to CT Page 2237 strike counts one, two, seven, eight, nine, ten, fifteen and sixteen of the plaintiff's revised complaint, accompanied by a memorandum in support of its motion. On November 2, 1995, the plaintiffs filed a memorandum in opposition to the defendants motion to strike. On November 13, 1995, the defendants moved to set aside the default entered against them on August 7, 1995. The motion was granted by the court, Tobin, J., on January 16, 1996.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants argue that counts one, two, nine, and ten, alleging negligence and a claim for medical expenses, should be stricken on the ground that they are immune from liability pursuant to the doctrines of governmental and sovereign immunity.
A. Governmental Immunity
"A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982). In applying the doctrine of governmental immunity, courts have stated that "[t]he issue of whether an act is ministerial or discretionary is generally a question of fact for the fact-finder that does not lend itself to resolution by a motion to strike." O'Farrell v. Claude Chester Elementary School, Superior Court, Judicial District of New London at New London, Docket No. 526692 (August 16, 1995, Hendel, J.); Rosen v. Reale, Superior Court, judicial district of New London at New London, Docket No. 527510 (January 13, 1994, Hurley, J., 9 CSCR 176).
The plaintiffs allege that the defendants failed to keep the CT Page 2238 playground reasonably safe, failed to warn the plaintiff of the dangerous condition and failed to supervise and control its servants, agents or employees so as to keep the playground reasonably safe. There is a question of fact as to whether the defendants' duty to warn of dangerous conditions and duty to supervise its employees is discretionary or ministerial in nature. Thus, the defendants may use the defense of governmental immunity.
B. Sovereign Immunity
It has been determined that" [a] board of education is an agency of the state in charge of education in a town . . . . Local boards of education are not agents of the state, however, in performing each and every mandated function . . . . Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature . . . ." (citations omitted.) R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218,504 A.2d 542 (1986) citing Cheshire v. McKenney, 182 Conn. 253,257, 438 A.2d 88 (1980).
The supervision of employees is not encompassed within the educational activities of the state. Martin v. Plude, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 278393 (March 18, 1994, Maiocco, J.) (holding that the plaintiffs' claims against the Board of Education for negligent supervision of its employee did not pertain to the Board's state-delegated function of providing education.). Thus, the defense of sovereign immunity is inapplicable. Accordingly, the defendants motion to strike counts one, two, nine and ten is denied.
The defendants argue that counts eight and sixteen, alleging liability pursuant to General Statutes § 10-235, should be stricken on the ground that it does not provide a direct right of action by the plaintiff against the board of education.
General Statutes § 10-235 provides in pertinent part "Each board of education shall protect and save harmless any member of such board or any teacher or other employee thereof or any member of its supervisory or administrative staff, and the State Board of Education, . . . shall protect and save harmless any member of such boards, or any teacher or other employee thereof . . . from financial loss and expense, including legal fees and costs, . . . arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person, . . . provided CT Page 2239 such teacher, . . . was acting in the discharge of his duties . . . ."
In Parsons v. West Hartford Board of Education, Superior Court, Judicial District of Hartford, Docket No. 533484 (September 16, 1994, Corradino, J., 13 Conn. L. Rptr. 52), the court, in determining whether General Statutes § 10-235 was available to the plaintiffs, held that "[t]he statute provides for indemnification from loss and not from liability and where there is an indemnification only from loss under common law principles any benefit arises only when a judgment is rendered against the person protected by indemnification rights." Similarly, in Little v.Booth, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 149525 (October 28, 1993, Dunn, J.), the court held that General Statutes § 10-235 does not provide the plaintiff with a direct cause of action against the board of education, but it remains available to the defendants to seek indemnification. See Marotto v. Gaudet, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 450581 (December 3, 1992, Langenbach, J., 2 Conn. L. Rptr. 49); Carrington v. Sullivan,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 359778 (January 29, 1991, Hennessey, J,3 Conn. L. Rptr. 232). Thus, the defendants motion to strike counts eight and sixteen should be granted.[1]
The defendants argue that counts seven and fifteen, alleging liability pursuant to General Statutes § 7-465, should be stricken on the ground that the plaintiffs have failed to satisfy the notice requirement for a claim under General Statutes § 7-465.
General Statutes § 7-465 provides in pertinent part "Any town, city or borough, . . . shall pay on behalf of any employee of such municipality, . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person or property . . . . No action for personal physical injuries or damages . . . shall be maintained against such municipality and employee jointly unless . . . written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."
"To establish the liability of a municipality under General Statutes 7-465, a plaintiff must prove compliance with the requirements of this statute as to demand and notice . . . ." CT Page 2240Bartucca v. Bristol, 23 Conn. Sup. 228, 229, 181 A.2d 124 (1962). General Statutes § 7-465 "requires a plaintiff to provide notice of the intention to sue the municipality, specifying the time and location of the accident, with the clerk of the municipality within six months of the accrual of the cause of action." Santiago v. NewBritain, 42 Conn. Sup. 22, 23, 598 A.2d 373 (1991). The court inSantiago further held that since the plaintiffs had failed to allege that they filed the requisite notice within six months from the date of the accident, their counts alleging liability under such statute were stricken. Id.
The notice referred to and relied on by the plaintiffs is a letter from a defendant in this action to the city clerk advising the clerk's office of a possible medical claim by Mrs. Stiffler, the plaintiff. The plaintiffs have not satisfied the requisite notice requirement under General Statutes § 7-465 since, "a plaintiff is required to provide notice of their intention to sue the municipality, Santiago v. New Britain, supra, and they themselves never gave notice of their intention to sue the defendants. Thus, the defendants motion to strike counts seven and fifteen is granted.
Accordingly, the defendants motion to strike is denied as to counts one, two, nine and ten, but granted as to counts seven, eight, fifteen and sixteen.
RICHARD J. TOBIN, JUDGE