## ELSA SANTIAGO ET AL. *v.* CITY OF NEW BRITAIN ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 390710
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed August 30, 1991

*Brown, Paindiris & Zarella,* for the plaintiffs.
*Halloran & Sage,* for the defendants.

WAGNER, J. This is an action by Elsa and Ramon Santiago against the city of New Britain and two of its police officers, William Chute and John Badolato. In a six count complaint, the plaintiffs seek damages for injuries sustained by Elsa Santiago in a motor vehicle accident. The plaintiffs allege that the defendant police officers were involved in a high-speed chase with a suspect, during which the suspect crashed his motor vehicle into the plaintiffs' vehicle. The plaintiffs claim that the police officers negligently pursued the suspect through a residential section of New Britain, causing the suspect to crash into the plaintiffs' car and thereby causing Elsa Santiago to sustain numerous injuries.

In count one of the amended complaint dated May 20, 1991, the plaintiffs allege that the police officers were negligent. In counts two and three, they allege

that the city is liable as the employer of the police officers pursuant to General Statutes §§ 52-557n and 7-465. In counts four and five, Ramon Santiago seeks damages from the defendant police officers and the city for loss of consortium. Count six is directed against the city pursuant to § 7-465.

The defendants move to strike the entire complaint claiming that the plaintiffs have failed to state a claim for relief because the police officers are entitled to governmental immunity, and that, therefore, the city, whose liability would derive from the officers' liability, is immune. The defendants also argue that notice was not filed with the city as § 7-465 requires.

"A motion to strike challenges the legal sufficiency of a pleading." *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 108, 491 A.2d 368 (1985). " '[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail.' " *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

The defendants claim that the plaintiffs have not complied with the notice requirement of § 7-465 and that the counts based on that statute should be stricken. Section 7-465 requires municipalities to indemnify their employees if the employee is found negligent and becomes liable for damages. The statute requires the plaintiffs to provide notice of the intention to sue the municipality, specifying the time and location of the accident, with the clerk of the municipality within six months of the accrual of the cause of action. Since the plaintiffs have failed to allege that they have filed the requisite notice with the city within six months from the date of the accident, counts three and six should be stricken.

The remaining four counts involve the defense of governmental immunity. Governmental immunity should be pleaded as a special defense. Practice Book § 164. If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." *Brown* v. *Branford,* 12 Conn. App. 106, 111 n.3, 529 A.2d 743 (1987); *Nunes* v. *Blake Bus Service, Inc.,* 3 Conn. L. Rptr. 149, 150 (1991).

" '[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act.' " *Evon* v. *Andrews,* 211 Conn. 501, 505, 559 A.2d 1131 (1989). Proprietary and ministerial actions by public officials are not considered governmental and, therefore, are not subject to a governmental immunity defense. *Roman* v. *Stamford,* 16 Conn. App. 213, 221, 547 A.2d 97 (1988), aff'd, 211 Conn. 396, 559 A.2d 710 (1989). "A 'ministerial' act . . . ' "refers to [a duty] which is to be performed in a prescribed manner without the exercise of judgment or discretion." ' " Id.

The Supreme Court has held that the "general deployment of police officers is a discretionary governmental action." *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 180, 544 A.2d 1185 (1988).

The defendants argue that they cannot be held liable for the plaintiffs' injuries because the police officers' actions in attempting to apprehend the suspect were

discretionary and that municipal employees are immune from liability for the allegedly negligent performance of discretionary functions. They claim further that because the police officers cannot be liable, the city cannot be derivatively liable as their employer.

The plaintiffs' allegations state that they were bystanders to the chase between the police officers and the suspect, and allege that the police officers negligently and carelessly breached a duty to pursue the suspect safely, thereby causing the suspect to crash his motor vehicle into the plaintiffs' motor vehicle.

It is not apparent from the face of the plaintiffs' complaint, based on the above allegations, whether the police officers' allegedly negligent high-speed chase was a ministerial or a discretionary act. *Brown* v. *Branford,* supra, 110. This consideration, coupled with the requirement that governmental immunity should ordinarily be pleaded as a special defense, placing on the defendants the burden of proof, requires denial of the motion to strike.

The motion to strike counts three and six is granted. The motion to strike the remaining four counts is denied.