[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (PLEADING # 229)
Five of the fourteen defendants in this case have moved for summary judgment on the claims brought against them by the plaintiff, Birmingham Condominium Association, Inc. The moveants are the City of Derby and four city employees. They contend the claims against them are barred by the doctrines of governmental and sovereign immunity, that the indemnification claim brought against the City under § 7-465 of the General Statutes is legally insufficient, and that the claim brought against the City under the Connecticut Unfair Trade Practices Act, General Statutes § 42-110aet. seq; is legally insufficient. For the reasons stated below, the motion for summary judgment is denied.
In the eighth, ninth, and tenth counts, the plaintiff alleges that it was injured as a result of the actions of the city's employees, i.e. the building inspectors, zoning enforcement officers, and city engineer. Initially, the plaintiff merely alleged these officers failed to properly carry out their duties. CT Page 6774 After the defendants filed a motion for summary judgment, the plaintiff filed a second amended complaint and now alleges that the city officers acted with "a reckless disregard for health and safety." In the eleventh count, the plaintiff seeks payment by the City of Derby of any damages the city's employees become obligated to pay under the eighth, ninth, or tenth counts. The plaintiff also alleges in the eleventh count that the employees are liable under the provisions of General Statutes § 52-557n. In the thirteenth count, the plaintiff alleges a claim against the city under the Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110a et. seq.
The defendants have not submitted documentary evidence to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Practice Book § 380. Instead, they argue that the pleadings show that they are entitled to judgment as a matter of law.
With respect to the eighth, ninth, and tenth counts, the essence of the defendants' argument is set forth on page five of their brief where they state "[t]he well pleaded facts in this case do not demonstrate the existence of a duty owed to the plaintiffs by the defendants and that any duty to perform the acts complained of [is], as a matter of law discretionary as to the agents of the City of Derby or is owed to the public at large and not to the plaintiffs." The defendants contend that the issuance of building permits and certificates of occupancy is a discretionary governmental function. See Evon v. Andrews, 211 Conn. 501, 506,559 A.2d 1131 (1989); 18A McQuillen, Municipal Corporations (3d Ed. 1991) § 53.88. Ordinarily, a municipal officer has immunity in the performance of a discretionary function Evon v. Andrews, supra,211 Conn. at 505. An exception to the doctrine of governmental immunity is set forth in General Statutes § 52-557n(b)(7). This statute provides, in pertinent part, that municipal officers are not liable for damages to person or property resulting from "the issuance, denial, suspension or revocation of, or failure to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial,suspension or revocation . . . constitutes a reckless disregard forhealth or safety. . . ." (Emphasis added.) Since the plaintiff has alleged the municipal officers acted with a reckless disregard for health or safety, the plaintiff has alleged a claim which is not barred by the doctrine of governmental immunity. CT Page 6775
The municipal defendants next argue that judgment should be entered in their favor because the facts alleged in the complaint show that the city employees are protected by the doctrine of sovereign immunity. The defendants rely on the legal principle set forth in the case of Steiger v. Town of Old Lyme,12 Conn. L. Rptr. 171
(February 25, 1994, Austin, J.). In Steiger, the trial court held that municipal officers are protected by the doctrine of sovereign immunity when enforcing the state building code. In the present case, the plaintiff has not alleged the city employees were enforcing the state building code. Consequently, the motion for summary judgment can not be granted on the ground the plaintiff's claim is barred by the doctrine of sovereign immunity.
The City of Derby claims that the eleventh count is legally insufficient because the plaintiff has failed to allege that the plaintiff complied with the notice requirement contained in General Statutes § 7-465. If the municipality had challenged this defect by way of a motion to strike, the court would be inclined to grant the motion. See Santiago v. New Britain, 42 Conn. Sup. 22, 23,598 A.2d 373 (1991). This pleading defect does not, however, establish that the plaintiff actually failed to notify the City. When the City of Derby moved for summary judgment, it did not submit affidavits or other evidence in order to meet its initial burden of producing evidence to demonstrate the nonexistence of any genuine issue of material fact. Thus, this court cannot conclude there is no genuine issue of material fact with respect to the issue of notice.
The City of Derby claims that the thirteenth count is legally insufficient because the Connecticut Unfair Trade Practice Act, General Statutes § 42-110a et. seq., is inapplicable to municipalities. The plaintiff asserts a CUTPA claim against the city based on the acts and omissions of the city officials with respect to the condominium project. The majority of courts have held that CUTPA does not apply to municipalities. See e.g.;Stratford v. Siciliano, 9 Conn. L. Rptr. 507, 508 (August 6, 1993, Leheny, J.). The city may not, however, have this pleading defect addressed in the context of a motion for summary judgment. As. noted above, the plaintiff has asserted viable claims against the City of Derby. Thus, the city's rights in this litigation can not presently be concluded by the entry of a judgment.
The motion for summary judgment is denied.
THIM, JUDGE CT Page 6776