[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On December 12, 1995, the plaintiff, Neapolis Jones ppa Raymond Lee Phillips, Jr. (Jones), filed a thirteen-count complaint against the following defendants: the city of Hartford (city), Harold Abrams (Abrams), Thomas Wallace (Wallace), Jackie Bethea (Bethea), Oscar Ferguson (Ferguson), and Landscape Structures, Inc. (LSI). The complaint arises out of injuries sustained in a public playground due to an allegedly defective slide.
LSI filed its answer, twelve special defenses, and a cross-complaint consisting of two counts on May 29, 1996. The first and second counts of the cross-complaint are directed against the following cross-claim defendants: the city (see Cross-complaint, count I, ¶ 10), Abrams, Wallace, Bethea and Ferguson (see Cross-complaint, count II, ¶ 12). Both counts seek contribution under General Statutes § 52-572o(e). LSI also alleges that "[p]ursuant to General Statutes § 7-465
and/or 7-101a, the city of Hartford is liable for all damages caused by the act(s) or omission(s) of Abrams, Wallace, Bethea and Ferguson" (Cross-complaint, count II, ¶ 10.)
On June 21, 1996, the cross-claim defendants filed a motion to strike the first and second counts of the cross-complaint. The motion was properly accompanied by a memorandum of law pursuant to Practice Book § 155. LSI filed a memorandum in opposition on August 1, 1996. The cross-claim defendants filed a supplemental memorandum of law in support of their motion to strike on August 22, 1996. LSI filed a supplemental memorandum in opposition on September 10, 1996.
A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions raised in the pleadings. Novametrix Medical Systems v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). If a motion to strike is directed to the entire complaint, it "must fail if any of the plaintiff's claims are legally sufficient." Doyle v. A PRealty Corp., 36 Conn. Sup. 126, 127, 414 A.2d 204 (Super.Ct. 1980).
The cross-claim defendants argue in their motion to strike that counts one and two of LSI's cross-complaint fail because a CT Page 6670 claim for contribution may not be brought between joint tortfeasors. They further contend that LSI's charge that the city is liable for the acts or omissions of Abrams, Wallace, Bethea and Ferguson under General Statutes § 7-465 was improperly raised because LSI did not affirmatively allege that it complied with the notice provisions of General Statutes § 7-465.
LSI asserts that the common law prohibition against contribution between joint tortfeasors has been abolished under the Connecticut Products Liability Act. Accordingly, counts one and two of the cross-complaint seeking contribution under the Products Liability Act are legally sufficient. LSI further argues that its indemnification claim against the city pursuant to General Statutes § 7-465 is proper because (1) notice provisions should be liberally construed; and (2) the same counsel represents the city and its employees, thus the city has waived its right to contest the indemnification claim.
We address first the contribution issue raised in counts one and two, and then proceed to the allegation of insufficient notice under General Statutes § 7-465 raised in count two.
Contribution (Cross-complaint, counts I and II)
A product seller may seek contribution from a non-product seller under the Products Liability Act. General Statutes § 52-577a(b) reads in relevant part: "In any such action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim . . ." (emphasis added.) See also Babcock v. New Haven Suzuki, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 259999 (October 18, 1990, Berdon, J., 2 Conn. L. Rptr. 607) ("the purpose [of the Products Liability Act] would be defeated if a product seller was not allowed the right of contribution from a party who was not a product seller but whose negligence was a substantial factor in causing the harm"); Maresca v. DeLonghi, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 462046 (December 12, 1994, Handy, J.). Accordingly, LSI, the product seller, may seek contribution from the cross-claim defendants.
LSI, the city, Abrams, Wallace, Bethea and Ferguson are all original parties to this action. There is a split of authority on whether an action for contribution may be maintained prior to the time a judgment is entered against the cross-complaint plaintiff when all defendants (the cross-complaint plaintiff and CT Page 6671 cross-complaint defendants) are original parties to the action.
Relying on Malerba v. Cessna Aircraft Co., 210 Conn. 189,194-95, 554 A.2d 287 (1989), it has been held that "the existence of a judgement against a cross complainer or the necessity of having paid a payment to discharge the common liability is not required before the claim can be made in an action to which both defendants are already parties to the lawsuit." ITTSemiconductors v. Matheson Gas Products et al., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 029553 (April 8, 1992, Flynn, J., 6 Conn. L. Rptr. 276).
One court further explained: "The preconditions for a contribution claim set out in 52-572o(e) of the Connecticut Product Liability Act apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party. Whether [the cross complaint] survives [a motion to strike] depends upon whether the cross-claim is an independent cause of action. Several superior courts have granted motions to strike cross-claims for contribution in product liability actions, viewing such claims as independent causes of actions . . . satisfaction of the preconditions of 52-572 are not required to bring a contribution claim in an action where both defendants are already parties, in order to encourage parties to consolidate litigation flowing from a given circumstance. Allowing a complainant who is already a party to an existing action to assert a contribution claim is a more sound approach, as the Malerba court noted the importance of avoiding multiplicity of actions." (Internal quotation marks omitted.)Miller v. Northeast Utilities, Superior Court, judicial district of New London at New London, Docket No. 520484 (April 21, 1993, Hurley, J., 8 CSCR 509), citing both Malerba v. Cessna AircraftCo., supra, 210 Conn. 189, and ITT Semiconductors v. Matheson GasProducts et al., supra.
We find that the rationale in Miller v. Northeast Utilities,
supra, and ITT Semiconductors v. Matheson Gas Products et al.,
supra, is the better reasoned approach based on the theory of avoiding multiplicity of actions. Accordingly, LSI's claims for contribution in counts one and two of the cross-complaint are not stricken.
Notice (Cross-complaint, count II, ¶ 10)
CT Page 6672
The cross-claim defendants move to strike count two in its entirety for the reason that LSI failed to comply with the notice provisions of General Statutes § 7-465.
General Statutes § 7-465 reads in relevant part: "No action for personal physical injuries . . . shall be maintained against such municipality and employee jointly unless . . . written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued . . . In any such action the municipality and the employee may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that it will pay any verdict rendered in such action against such employee."
We find that (1) LSI failed to allege that it has complied with the notice provision of General Statutes § 7-465, and (2) that an allegation of compliance with the notice provisions is required under the statute. See Santiago v. New Britain,42 Conn. Sup. 22, 23, 598 A.2d 373 (1991) ("Since the plaintiffs have failed to allege that they have filed the requisite notice with the city within six months from the date of the accident, counts . . . should be stricken"); MacLeod v. Milford,25 Conn. Sup. 70, 72, 196 A.2d 605 (1963) ("The language seems clearly to state that notice must be given to both employee and municipality as a condition precedent to any action against either, and the first count is defective without an allegation of notice to the municipality").
LSI's argument that the city has waived its right to contest the indemnification claim under General Statutes § 7-465 is without merit. LSI relies on Fraser v. Henninger, 173 Conn. 52,376 A.2d 406 (1977), for the proposition that the mere appearance of the same attorney for both the city and its employees constitutes a waiver. The crucial factor in Fraser v. Henninger,
supra, 173 Conn. 52, is that the attorney filed the required statement under General Statutes § 7-465 "that it will pay any verdict rendered in such action against such employee." The Supreme Court stated, "[w]e are of the opinion that such a statement constitutes a waiver of the municipality's right to assert any defense which it might have. . . ." Id., 58. Because the attorney representing the city in the present action failed to submit the required statement under General Statutes § 7-465, CT Page 6673 the mere appearance of the same attorney for both the city and its employees may not be considered a waiver. See Borchettav. Brown, 41 Conn. Sup. 420, 423, 580 A.2d 1087 (1990) ("[i]n the present case, no statement was filed agreeing to pay any judgment rendered against the employee . . . Thus, the "waiver" referred to in Fraser is inapplicable in the present case . . .").
Nevertheless, the motion to strike count two of the cross-complaint is denied on procedural grounds. The motion to strike count two of the cross-complaint fails because LSI has alleged enough facts to support its contribution claim also raised in count two. As when a motion to strike is directed to the entire complaint, a motion to strike "must fail if any of the plaintiff's claims are legally sufficient." Doyle v. A P RealtyCorp., 36 Conn. Sup. 126, 127, 414 A.2d 204 (Super.Ct. 1980). Accordingly, because LSI's contribution claim in count two is legally sufficient, the cross-claim defendants' motion to strike count two of the cross-complaint is denied.[1]
Mary R. Hennessey, Judge