[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The plaintiff, Betzgaida Ayala by her mother and next friend Aida Ayala, filed a ten-count revised complaint on October 25, 1996. The plaintiff alleges the following facts. The plaintiff, a minor, was a student at Luis Munoz Marin School, a public school controlled by the city of Bridgeport (the city), the Bridgeport Board of Education (the board) and its Superintendent of Schools, James Connelly (Connelly). The plaintiff was leaving school for the day when she was stabbed by an unknown assailant at the school gate and suffered numerous serious injuries. The plaintiff alleges that Connelly, the board and the city (collectively, the defendants) were negligent in failing to provide adequate security, failing to warn of the absence of security, and failing to provide adequate supervision during dismissal. The plaintiff further alleges that the city and the board are liable pursuant to General Statutes §§ 7-465 and 10-235, which are indemnification provisions. The plaintiff also alleges that the defendants are liable to Aida Ayala for her child's medical expenses and that the city and the board must indemnify her for medical expenses.
The defendants filed a motion to strike each count of the complaint on May 14, 1997, accompanied by a memorandum of law. The defendants assert the following grounds: (1) sovereign immunity as to Connelly and the board; (2) governmental immunity as to all defendants; (3) failure to allege a duty on the part of the city; (4) waiver of parent's claim for medical expenses; and CT Page 9663 (5) failure to allege that the plaintiff is an employee entitled to indemnification under §§ 7-465 and 10-235. The plaintiff filed an objection to the motion to strike on May 28, 1997 along with a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, (1997).
Although governmental immunity should ordinarily be pleaded as a special defense, where it is apparent from the face of the complaint that the municipality was engaging in a governmental function, the defendant may attack the legal sufficiency of the complaint through a motion to strike. Brown v. Branford,12 Conn. App. 106, 111 n. 3, 529 A.2d 43 (1987); Santiago v. New Britain,42 Conn. Sup. 22, 24, 598 A.2d 676
4 CONN. L. RPTR. 351 (1991).[1]
The Connecticut Supreme Court "has approved the practice of deciding the issue of governmental immunity as a matter of law."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).[2] "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." (Internal quotation marks omitted.) Id., 167. "The doctrines that determine the tort liability of municipal employees are well established. Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . Municipal employees now have qualified immunity in the performance of governmental duties, but may be liable if they misperform a ministerial act, as opposed to a discretionary act. Ministerial duties are those that can be performed in a prescribed manner without the exercise of judgment or discretion. . . ." (Citations omitted; internal quotation marks omitted.) Purzycki v. Town of Fairfield, 44 Conn. App. 359,362-63, 689 A.2d 504, cert. granted, 240 Conn. 926 (1997). CT Page 9664
Whether the duty owed to the plaintiff is private or public, "there is no potential liability if the act complained of is a discretionary act that does not fit into any of the narrow exceptions outlined in Shore [ v. Stonington, 187 Conn. 147, 151,444 A.2d 1379 (1982)]." Gordon v. Bridgeport Housing Authority,supra, 208 Conn. 169. There are three exceptions to qualified immunity for discretionary acts: (1) the alleged acts involve malice, wantonness or intent to injure; (2) a statute specifically provides for a cause of action; and (3) failure to act is likely to subject an identifiable person to imminent harm.Shore v. Stonington, 187 Conn. 147, 153-54, 444 A.2d 1379 (1982).
The defendants argue that "[p]ublic safety and security is a governmental function for which the City, the Board of Education and Connelly have governmental immunity." (Memorandum in Support of Motion to Strike, p. 8.) The defendants further argue that none of the three exceptions are applicable. Specifically, the defendants assert that they could not have known that the plaintiff was subject to imminent harm.
The plaintiff argues that governmental immunity does not bar her claims. The plaintiff first argues that "a careful reading of the complaint and the applicable case law supports the plaintiffs' claim that the defendants owed the plaintiff a duty of care." (Memorandum in Opposition, p. 4.) Construing the facts most favorably to the plaintiff, the plaintiff has alleged that the defendants owed a duty of care.
The plaintiff next argues that the "determination of whether a duty is discretionary or ministerial is generally a question of fact and it does not lend itself to resolution by a motion to strike." (Memorandum in Opposition to Motion to Strike, p. 4.) However, "the determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide." Redfearn v. Ennis, 28 Conn. App. 398,401, 610 A.2d 1338 (1992); Evon v. Andrews, 211 Conn. 501,506-07, 559 A.2d 1131 (1989) (concluding that the acts alleged were not ministerial). Thus, a claim of governmental immunity can be decided on a motion to strike. Gordon v. Bridgeport HousingAuthority, supra, 208 Conn. 170 ("Notwithstanding the procedural posture of a motion to strike," governmental immunity can be decided as a matter of law).
The plaintiff further argues that she has alleged that she was a duly admitted pupil at the school who was assaulted and CT Page 9665 stabbed during dismissal from school; that her injuries were due to the negligence of Connelly who failed to provide adequate security and supervision or to warn parents, even though he knew the school was located in a high crime area. The plaintiff relies on Burns v. Board of Education, 228 Conn. 640, 638 A.2d 1 (1994), to contend that the plaintiff, as a student statutorily required to attend school, is within the foreseeable class of victims exception to governmental immunity. The plaintiff also relies onClarke v. Fountain, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 468877 (October 12, 1995) (Handy, J.) and Gervais v. West Hartford Board ofEducation, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555396, 17 CONN. L. RPTR. 383 (July 25, 1996) (Lavine, J.).
The plaintiff asserts that the cases involving police departments cited by the defendants are not applicable; some of these cases were relied upon by the defendants to argue that their actions were discretionary. The plaintiff, however, has failed to brief the issue of discretionary acts or even address it beyond this elliptical reference to cases relied upon by the defendant. The cases relied upon by the plaintiff, moreover, do not turn on the ministerial nature of the acts but rather on the identifiable victim/imminent harm exception. See Burns v. Boardof Education, supra, 228 Conn. 645-46 (plaintiffs concede that any duty was discretionary; holding that identifiable victim/imminent harm exception applies); Clarke v. Fountain,supra, Superior Court, Docket No. 468877 (board would owe "a duty"; imminent harm exception applies); Gervais v. West HartfordBoard of Education, supra, Superior Court, Docket No. 555396 (decisions regarding hiring, training and supervision of employees are discretionary but governmental immunity is not applicable because of imminent harm exception). In the present case, the plaintiff has abandoned the ministerial/discretionary acts issue. See Commission on Human Rights Opportunities v.Truelove Maclean, Inc., 238 Conn. 337, 344 n. 11, 680 A.2d 1291
(1996) ("Where an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived"); Cummings v. Twin Tool Manufacturing Co.,40 Conn. App. 36, 45, 668 A.2d 1346 (1996) ("Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned").[3]
Here, the plaintiff has cited authority addressing the CT Page 9666 identifiable victim/imminent harm exception. In Burns v. Board ofEducation, supra, 228 Conn. 646, the court held that the plaintiff student was an identifiable victim and the potential harm was significant and foreseeable. The court discussed the factors delineating the scope of a foreseeable class of victims exception to governmental immunity: imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. Id., 647. The court also referred to criteria used by other state courts, including statutes specifically identifying a subclass as the intended beneficiaries of certain acts; whether the relationship was of a voluntary nature; the seriousness of the injury threatened; the duration of the threat of injury; and whether the persons at risk had the opportunity to protect themselves from harm. Id.
The court noted that "statutory and constitutional mandates demonstrate that school children attending public schools during school hours are intended to be the beneficiaries of certain duties of care." Burns v. Board of Education, supra,228 Conn. 648. The court also noted that the presence of the plaintiff on school premises was not voluntary. The court stressed that "[u]nlike the incident in Evon v. Andrews,[4] supra,211 Conn. 501, this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable." Id., 650.
The facts here are distinguishable from Burns v. Board ofEducation. Assuming the minor plaintiff is under 16 years of age, her presence at the school was not voluntary. See General Statutes § 10-184. The other factors to be taken into account, however, indicate that the plaintiff was not an identifiable victim subject to imminent harm. First, the plaintiff here was not identifiable. The plaintiff alleges that the school is in a high crime area and that the superintendent failed to upgrade security at the school despite previous violent acts. (Revised Complaint, ¶ 9.) The potential victims of violence in a high crime area are numerous. In addition to students, teachers and others affiliated with the school, any person in the vicinity could be a potential victim of violence occurring at the gate of the school. Cf. Ogno v. City of Danbury,
Superior Court, judicial district of Danbury, Docket No. 318431 (November 22, 1996) (Moraghan, J.) (the plaintiff was subject to CT Page 9667 imminent harm because risk of exposure to asbestos is analogous to risk of falling on ice in Burns, but the plaintiff was not a foreseeable victim because the school was open to the public and the risk of exposure implicated a wide range of factors that could occur, if at all, at some unspecified time in the future).
Second, the harm here was more akin to the risk of fire inEvon v. Andrews than the risk of a slip and fall in Burns v.Board of Education. In Evon v. Andrews, supra, 211 Conn. 501, the court held that the duty to enforce provisions regarding maintenance of rental dwellings was discretionary and that the plaintiffs did not fall under the discrete person/imminent harm exception. Id., 507. The court noted that the "risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of `identifiable persons'" within the meaning of the exception. Id., 508. The court concluded that "the fire could have occurred at any future time or not at all. We cannot accept the proposition that the plaintiffs' decedents in this case were readily identifiable victims subject to imminent harm. . . . As we observed in Shorev. Stonington, supra, 157, the adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." (Internal quotation marks omitted.) Id.
The incident here could have happened at any time in the future or not at all. It was not limited to a particular time (temporary icy conditions) or place (a treacherous area) as inBurns v. Board of Education. Rather, the risk of violence in an allegedly high crime area cannot be narrowed to a certain time span or place. Numerous people could have been a victim of violent crime anywhere in the allegedly high crime area, at the time of the incident or any time in the future or not at all.
With regard to the incident alleged here, the harm was serious and the plaintiff did not have an opportunity to defend herself. Given the vast number of potential victims of violence in the allegedly high crime area, it cannot be said that all identifiable victims were threatened with serious injury or that they would not have an opportunity to protect themselves. Further, the duration of the threat of injury was long, especially in comparison to the temporary icy condition at issue in Burns v. Board of Education. Applying the criteria outlined in CT Page 9668Burns v. Board of Education, the plaintiff was not an identifiable victim subject to imminent harm such that an exception to governmental immunity applies.
The Superior Court cases relied upon by the plaintiff are distinguishable. In Clarke v. Fountain, supra, Superior Court, Docket No. 468877, the plaintiff, a minor child allegedly injured in a school cafeteria, complained of negligent supervision of students in the cafeteria. The court concluded that the "school board would owe a duty to the pupils dining in the cafeteria to provide adequate supervision and maintain a safe environment. It would be foreseeable that if inadequate supervision was provided, pupils dining could be injured from a host of activities." Id. The factual situation in Clarke v. Fountain is closer to Burns v.Board of Education than here. In Clarke v. Fountain, those subject to harm were limited to students dining in the cafeteria (and possibly others in the cafeteria at that time). The time frame at issue was narrow, limited to the time in which students were dining in the cafeteria. Similarly, the identifiable victim subject to imminent harm in Gervais v. West Hartford Board ofEducation, supra, Superior Court, Docket No. 555396, were students participating in gym class. Again, the potential victims of harm and the time frame for potential harm was narrow, limited to students in the gym class and to the time span of the class. Thus, the cases relied upon by the plaintiff do not support the conclusion that the plaintiff here was part of a narrow class of victims subject to imminent harm.
Other case law supports the conclusion that the identifiable person/imminent harm exception is not applicable. For example, inCaruso v. Demartino, Superior Court, judicial district of New Haven, Docket No. 371907 (November 2, 1995) (Zoarski, J.), the plaintiffs alleged "that the Board of Education failed to properly supervise the students at an after-school basketball game in order to prevent the occurrence of an assault." The court stated: "The risk of an assault `implicates a wide range of factors that can occur, if at all, at some unspecified time in the future.' Evon v. Andrews, supra, 211 Conn. 508." Id. The court determined that "[w]hile the defendant may have owed the plaintiff a duty under Burns as a member of an identifiable class, that duty did not become actionable in the absence of imminent harm to the plaintiff." (Internal quotation marks omitted.) Id. Thus, the court held that the plaintiffs had failed to allege facts sufficient to support a conclusion that the identifiable person/imminent harm exception was applicable. See CT Page 9669 also Likely v. Sullivan, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 345680 (January 16, 1991) (Stengel, J.) (student injured while walking in designated crosswalk near school was not identifiable victim in danger of imminent harm).
In Purzycki v. Town of Fairfield, 44 Conn. App. 359,689 A.2d 504, cert. granted, 240 Conn. 926 (1997), the defendants claimed that the jury could not have found that the lack of supervision subjected the plaintiff to imminent harm. The plaintiff was a child injured while running through an unsupervised school hallway. The court held that there was no evidence that the plaintiff was in imminent harm. The court agreed with the trial court which stated that "the principal knew that if children were not watched they might run in the hall, and that if they ran in the hall, they could get hurt. But to regard this as imminent harm would be to equate that term with mere foreseeability, and to thereby transfer the governance of elementary schools . . . from the principal's office . . . to the [courtroom]. . . ." (Internal quotation marks omitted.) Id., 364-65. The court concluded that the factual situation was analogous to Evon v.Andrews rather than Burns v. Board of Education. Id., 365-66. The court relied on the fact that the plaintiff could have been injured at any time in the future while traveling from lunch to recess, or not at all. Id., 365. The court also noted that the injuries were caused by a combination of the lack of supervision, the plaintiff's own conduct, and the conduct of another student who tripped the plaintiff. Id., 366.
The Connecticut Supreme Court has granted the plaintiff's certification for appeal on the issue of whether the trial court was correct in setting aside the verdict on the ground that the plaintiff was not subject to imminent harm. However, even if the Connecticut Supreme Court were to reverse the holding in Purzyckiv. Town of Fairfield, the facts here would still dictate that the identifiable person/imminent harm exception apply. First, the court in Purzycki v. Town of Fairfield did not decide the issue of identifiable person. In the present case the plaintiff was not an identifiable person. In Purzycki v. Town of Fairfield, the foreseeable group of victims potentially harmed from the lack of supervision in the hallway was much narrower than the potential victims here. Second, the facts supporting a conclusion that the harm was not imminent are much stronger here than in Purzycki v.Town of Fairfield. In Purzycki v. Town of Fairfield, the potential for harm was limited to a certain area and a certain CT Page 9670 time of day, whereas here there is a broader potential for harm in an allegedly high crime area. Regardless of the court's decision on appeal in Purzycki v. Town of Fairfield, the facts here indicate that the plaintiff was not an identifiable person in danger of imminent harm under the criteria set forth in Burnsv. Board of Education.[5]
Based on the foregoing, the plaintiff is not an identifiable person subject to imminent harm such that an exception to governmental immunity applies. Accordingly, the defendants' motion to strike all ten counts of the revised complaint (#110) on the basis of governmental immunity will be granted.
So ordered.
MICHAEL HARTMERE JUDGE OF THE SUPERIOR COURT