[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON TO STRIKE COUNTS TWO, THREE AND FOUR
This is an action for personal injuries relating to a slip and fall on August 14, 1994 on the back stairs of defendant Cromwell's home in Hartford. Counts two and three are directed against the City of Hartford and count four against Keyes-Borges, generally alleging their liability for the accident because they engaged RMR Construction, Inc. to paint the stairs in question, that the work was improperly performed and the stairs were still wet at the time of the accident causing the accident to occur.
Defendants, Keyes-Borges and the City now move to strike counts two, three and four.
— I —
The defendants move to strike count two on the ground that the City of Hartford cannot be held vicariously liable for the work performed by RMR because a city can only be held liable for CT Page 2026 the negligence of its employees under General Statutes § 7-465
and since the plaintiff has not cited the statute or alleged compliance with its notice requirements, count two is legally insufficient. The plaintiff argues that count two alleges a valid cause of action for vicarious liability, and it is not necessary plead compliance with the notice requirement of General Statutes § 7-465 in the complaint.
Although that count two is couched in terms of vicarious liability against the municipality, the plaintiff clearly seeks indemnification from the city for the alleged negligence of its alleged employee, RMR. Our Supreme Court has held that § 7-465
effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts by permitting injured plaintiffs to seek indemnification from a municipal employer for such acts under certain circumstances and after conformance with certain statutory requirements. Sanzone v.Board of Police Commissioners, 219 Conn. 179, 193 (1991). InLilly v. Hartford Department of Public Works, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533577 (May 16, 1995, Wagner, J.), this court stated that "the impetus for the enactment of General Statutes 7-465 was that at common law, municipal officers were liable for their own torts, but the municipality, their municipal `master' was not vicariously liable for those torts . . . . Section 7-465 (a) effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts . . . ."
In order for the plaintiff to state a legally sufficient claim against the city for liability for the negligent acts of its employees, she must comply with the statutory requirements of General Statutes § 7-465. That statute provides in relevant part that:
 [a]ny town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property . . . No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly CT Page 2027 unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action accrued . . . .
In Jones v. City of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 556220 (December 17, 1996, Hennessey, J.) (18 Conn. L. Rptr. 420), the court held that an allegation of compliance with the notice provisions is required under General Statutes § 7-465. SeeSantiago v. New Britain, 42 Conn. Sup. 22, 23 (1991) (`Since the plaintiffs have failed to allege that they have filed the requisite notice with the city within six months from the date of the accident, counts . . . should be stricken'); MacLeod v.Milford, 25 Conn. Sup. 70, 72 (1963) (`The language seems clearly to state that notice must be given both employee and municipality as a condition precedent to any action against either, and the first count is defective without an allegation of notice to the municipality')."
Since the plaintiff has failed to plead compliance with the notice provisions of General Statutes § 7-465, the motion to strike count two is granted.
— II —
Count three seeks to hold the city vicariously liable for the alleged negligence of its employees RMR Construction. Here, the plaintiff argues that she is a third party beneficiary of a contract between the city and the defendant Cromwell. In Stowe v.Smith, 184 Conn. 194, 81 (1981), the court held that a third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party. See also Knapp v. NewHaven Road Construction Co., 150 Conn. 321, 326 (1963). The plaintiff has failed make sufficient allegations to support a third party claim and defendants' motion to strike count three is granted.
— III —
The defendants move to strike count four on the grounds that CT Page 2028 Keyes-Borges is immune from liability under the doctrine of governmental immunity because the allegations in this count concern discretionary acts on the part of the city manager and there is no threshold allegation of a private duty owed to the plaintiff. The plaintiff argues that count four alleges negligence in the performance of ministerial acts and therefore, Keyes-Borges is not immune from liability.
Notwithstanding the procedural posture of a motion to strike our Supreme Court has approved the practice of deciding the issue of governmental immunity as a matter of law. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). "[When] it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3 (1987). See also Heigl v. Board of Education, 218 Conn. 1, 8-9
(1991) (holding that trial court properly granted a motion to strike on the basis of governmental immunity); Kolaniak v. Boardof Education, 28 Conn. App. 277, 279 (1992) (approving the practice of deciding the issue of governmental immunity as a matter of law).
In the present case, the plaintiff alleges that Keyes-Borges was negligent by not inspecting and supervising the painting of the stairs and by not posting a sign to warn the plaintiff. The facts alleged in count four require, in some measure, an exercise of judgment by Keyes-Borges. See Evon v. Andrews, supra,211 Conn. 506-07 holding that what constitutes a reasonable, proper or adequate inspection involves the exercise of judgment. The actions of Keyes-Borges do not appear to be ministerial, but discretionary, and Keyes-Borges is entitled to immunity unless the plaintiff has sufficiently alleged an exception to this rule, which she has not done.
Defendants' motion to strike count four is granted.
In summary, the defendants' motion to strike counts two, three and four of the plaintiff's complaint is granted.
Jerry Wagner Judge Trial Referee CT Page 2029