[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #138
The instant action arises from a motor vehicle accident involving the plaintiff, Jennifer D. Marino, and Ronald J. Benson, a Waterbury police officer. On January 20, 1998, the plaintiff filed an amended eleven-count complaint against the defendants: Ronald J. Benson; Peter Augelli, a Waterbury police sergeant; the City of Waterbury; and William and Eleanor Gillette (the Gillettes).
The eleven counts of the plaintiff's complaint may be summarized as follows. Count one alleges that Benson negligently caused the accident. Count two alleges that Benson recklessly caused the accident. Count three alleges that Waterbury is liable for the Benson's negligence. Count four alleges that Waterbury is liable for Benson's recklessness. Count five alleges that the Gillettes negligently caused the accident. Count six alleges that the Gillettes created a nuisance which caused the accident. Count seven alleges malicious prosecution against Augelli and Benson. Count eight alleges abuse of process against Augelli and Benson. Count nine alleges fraud against Augelli and Benson. Count ten alleges that Waterbury violated General Statutes § 52-557n. Count eleven alleges that Waterbury violated General Statutes § 7-465.
On February 3, 1998, Benson, Augelli and Waterbury (the defendants) moved to strike counts three, four, eight, nine, ten and eleven of the amended complaint.[1] Both the plaintiff and the defendants have filed legal memoranda in support of their respective positions.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
A. Counts Three, Four and Eleven
Count three alleges that Waterbury is liable for the negligence of Benson. Count four alleges that Waterbury is liable for the recklessness of Benson. Count eleven alleges that CT Page 5413 Waterbury must indemnify Benson and Augelli for any damages that they caused. The defendants move to strike counts three, four and eleven on the ground that the plaintiffs have failed to satisfy the notice requirement for a claim under General Statutes §7-465.
General Statutes § 7-465 provides in pertinent part: "Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person or property. . . . No action for personal physical injuries or damages . . . shall be maintained against such municipality and employee jointly unless . . . written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."
"To establish the liability of a municipality under §7-465, a plaintiff must prove compliance with the requirements of this statute as to demand and notice. . . ." Bartucca v.Bristol, 23 Conn. Sup. 228, 229-30, 181 A.2d 124 (1962). General Statutes § 7-465 "requires the plaintiffs to provide notice of the intention to sue the municipality, specifying the time and location of the accident, with the clerk of the municipality within six months of the accrual of the cause of action."Santiago v. New Britain, 42 Conn. Sup. 22, 23, 598 ;A.2d 373 (1991). In Santiago, the court struck the counts alleging liability pursuant to § 7-465 because the plaintiffs failed to allege that they filed the requisite notice within six months from the date of the accident. Id. See also Stiffler v. City ofNorwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145373 (March 18, 1996, Tobin, J.); Jones v.City of Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 556220 (December 17, 1996, Hennessey, J.).
In the present case, counts three, four and eleven are devoid of any allegation that the required statutory notice was given. Furthermore, the plaintiff admits in her opposition memorandum that notice was not alleged. Counts three, four and eleven are therefore legally insufficient.[2] The court therefore grants the motion to strike counts three, four and eleven. CT Page 5414
B. Count Eight
In count eight, the plaintiff alleges that Augelli engaged in an abuse of process by writing a fraudulent police report and issuing a summons to the plaintiff without probable cause in order to cover-up the involvement of Benson in the accident. The plaintiff claims that the police report fraudulently implies that the plaintiff caused the accident. The plaintiff also alleges that Benson participated in and contributed to Augelli's misconduct. The defendants claim that count eight fails to allege an abuse of process claim because the motor vehicle summons issued to the plaintiff by Augelli following the accident was used for the process it was designed.
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . . Comment b to § 682 explains that the addition of primarily is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Citations omitted; internal quotation marks omitted.) Mozzochi v. Beck,204 Conn. 490, 494, 529 A.2d 171 (1987). Connecticut has "long recognized abuse of process as a cause of action in tort whose gravamen is the misuse or misapplication of process, its use in an improper manner or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.) Lewis Truck Trailer, Inc. v. Jandreau, 11 Conn. App. 168, 169-70,526 A.2d 532 (1987).
Here, the plaintiff has alleged that the police report was written and the summons was issued for the purpose of covering up a police officer's involvement in an accident and wrongfully attributing blame for the accident to the plaintiff. The plaintiff's allegations, viewed in the most favorable light, are sufficient to allege that Augelli wrote the report and issued the summons primarily to accomplish a purpose for which they were not intended. Accordingly, the court denies the motion to strike count eight. CT Page 5415
C. Count Nine
The plaintiff has agreed to withdraw count nine. (Plaintiff's Memorandum in Opposition to Motion to Strike, p. 4.)
D. Count Ten
In count ten, the plaintiff alleges that Waterbury is liable for the damages caused the actions of Augelli and Benson as alleged in counts seven, eight and nine pursuant to General Statutes § 52-557n. In count seven, the plaintiff alleges that Augelli "wrote a fraudulent police report because this report implies that the plaintiff caused the accident." Count seven further alleges that Augelli acted with malice. Count seven alleges that Benson participated in and contributed to Augelli's wrongdoing. Count eight incorporates count seven's allegations that Augelli and Benson acted fraudulently and with malice. Count eight then alleges that these allegations constitute an abuse of process. Count nine also incorporates count seven's allegations that Augelli and Benson acted fraudulently and with malice. Thereafter, count nine then alleges that "[i]n citing the plaintiff for a traffic offense, Sergeant Peter Augelli made a false statement of fact." Because the plaintiff has agreed to withdraw count nine, it cannot serve as a basis for liability under count ten.
General Statutes § 52-557n(a) provides, in pertinent part, "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties. . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct,fraud, actual malice or wilful misconduct. . . ." (Emphasis added.) A motion to strike is properly granted where the allegedly wrongful conduct falls within § 52-557n(a)(2)(A). See Lilly v. Hartford Dept. Public Works, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533577 (May 16, 1995, Wagner, J.), citing West haven v. HartfordIns. Co., 221 Conn. 149, 156, 602 A.2d 988 (1992). CT Page 5416
Here, both counts seven and eight allege that Augelli and Benson acted fraudulently and with malice. Such allegations fall within the scope of § 52-557n(a)(2)(A). Therefore, Waterbury cannot be liable for damages based upon such allegations. Accordingly, the court grants the defendants' motion to strike count ten.
IV. CONCLUSION
Based upon the foregoing, the court grants the motion to strike counts three, four, nine, ten and eleven.
Conversely, that the court denies the motion to strike count eight.
Stodolink, Judge